# GROUP EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
10/05/2016
CT Log Number 529959876

TO: Robert H Baum, General Counsel
Inland Group
2901 Butterfield Rd
Oak Brook, IL 60523-1190

RE: **Process Served in Illinois**

FOR: Inland Home Mortgage Company, LLC (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated, Pltf. vs. INLAND BANCORP, INC., et al., Dfts. // To: Inland Home Mortgage Company, LLC |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL Case # 2016CH12999 |
| **NATURE OF ACTION:** | Class Action - Plaintiff and members of the Class that predominate for defendants engaged in unfair or unlawful acts and practices, |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/05/2016 at 10:30 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Thomas A. Zimmerman Jr. ZIMMERMAN LAW OFFICES, P.C. 77 West Washington Street, Suite 1220 Chicago, IL 60602 (312) 440-0020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/05/2016, Expected Purge Date: 10/10/2016 |
| | Image SOP |
| | Email Notification, Kathi Newell knewell@inlandgroup.com |
| | Email Notification, Janice Fox JFOX@INLANDGROUP.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / DM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
**COUNTY DEPARTMENT,** _____ CHANCERY _____ 2016CH12999

CALENDAR/ROOM 02
TIME 00:00
Class Action

No. _____

iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

**(Name all parties)**

v.

INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, and INLAND BANK AND TRUST,

**Please serve:**
Inland Home Mortgage Company, LLC
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

⊙ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ **Richard J. Daley Center, 50 W. Washington, Room** 802 _____ **, Chicago, Illinois 60602**

○ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

○ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

○ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

○ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

○ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34418

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiff

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

WITNESS DOROTHY BROWN SEP 30 2016

_____
Clerk of Court

Date of service: 10/5/16 , _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

DIE DATE
10/23/2016

|||||||||| ||||||||||||||||||||||||||||||
* 0 2 2 2 8 8 0 7 *

DOC.TYPE:    CHANCERY
CASE NUMBER:  16CH12999
**DEFENDANT**
INLAND HOME MORTGAGE COMPANY LLC RM 802  CT

SERVICE INF

208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**ATTACHED**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT,            CHANCERY            DIVISION

2016CH12999
CALENDAR/ROOM 02
TIME 00:00
No. Class Action

iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

(Name all parties)

v.

INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, and INLAND BANK AND TRUST,

**Please serve:**
Inland Home Mortgage Company, LLC
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

⦿ SUMMONS  ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34418

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiff

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

WITNESS, DOROTHY BROWN SEP 3 0 2016

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**DIE DATE**
10/23/2016

**DOC.TYPE:** CHANCERY
**CASE NUMBER:** 16CH12999
**DEFENDANT**
INLAND HOME MORTGAGE COMPANY LLC

**SERVICE INF**
RM 802   CT

208 S LASALLE ST
CHICAGO, IL 60604
STE 814

**ATTACHED**

 CT Corporation

**Service of Process Transmittal**
10/05/2016
CT Log Number 529959884

TO: Robert H Baum, General Counsel
Inland Group
2901 Butterfield Rd
Oak Brook, IL 60523-1190

RE: **Process Served in Illinois**

FOR: INLAND BANCORP, INC. (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated, Pltf. vs. INLAND BANCORP, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2016CH12999 |
| **NATURE OF ACTION:** | Class Action - Plaintiff and members of the class that predominate for defendants engaged in unfair or unlawful acts and practices |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/05/2016 at 10:30 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Thomas A. Zimmerman, Jr.<br>ZIMMERMAN LAW OFFICES, P.C.<br>77 West Washington Street, Suite 1220<br>Chicago, IL 60602<br>312-440-0020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/05/2016, Expected Purge Date: 10/10/2016<br><br>Image SOP<br><br>Email Notification, Kathi Newell knewell@inlandgroup.com<br><br>Email Notification, Janice Fox JFOX@INLANDGROUP.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / NM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2120 - Served          2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
**SUMMONS**            **ALIAS - SUMMONS**                  (2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ CHANCERY _____ DIVISION

2016CH12999
CALENDAR/ROOM 02
TIME 00:00
Class Action

No. _____

iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

                                   **(Name all parties)**

        v.

INLAND BANCORP, INC., INLAND HOME MORTGAGE
COMPANY, LLC, and INLAND BANK AND TRUST,

**Please serve:**
Inland Bancorp, Inc.
CT Corporation, System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

### ◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

     YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ◉   Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

- ○   **District 2 - Skokie**      ○   **District 3 - Rolling Meadows**      ○   **District 4 - Maywood**
  5600 Old Orchard Rd.           2121 Euclid                     1500 Maybrook Ave.
  Skokie, IL 60077              Rolling Meadows, IL 60008       Maywood, IL 60153

- ○   **District 5 - Bridgeview**      ○   **District 6 - Markham**          ○   **Child Support**
  10220 S. 76th Ave.            16501 S. Kedzie Pkwy.          28 North Clark St., Room 200
  Bridgeview, IL 60455        Markham, IL 60428            Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

     **This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.**

Atty. No.: 34418

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiff

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

WITNESS DOROTHY BROWN SEP 3 0 2016

_____
                      Clerk of Court

Date of service: 10/5/16 , _____
      (To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

                                     **(Area Code)**    **(Facsimile Telephone Number)**

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**DIE DATE**
10/23/2016

DOC.TYPE:   CHANCERY
CASE NUMBER:   16CH12999
DEFENDANT
INLAND BANCORP INC
208 S LASALLE ST
CI IICAOO, IL 60604
STE 814

**SERVICE INF**
RM 802   CT

**ATTACHED**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ CHANCERY _____

2016CH12999
DIVISION
CALENDAR/ROOM 02
TIME 00:00
Class Action

No. _____

iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

(Name all parties)

v.

INLAND BANCORP, INC., INLAND HOME MORTGAGE
COMPANY, LLC, and INLAND BANK AND TRUST,

**Please serve:**
Inland Bancorp, Inc.
CT Corporation, System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

### ◉ SUMMONS  ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room **802** _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ○ District 2 - Skokie | ○ District 3 - Rolling Meadows | ○ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ○ District 5 - Bridgeview | ○ District 6 - Markham | ○ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34418

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiff

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

Service by Facsimile Transmission will be accepted at: _____

**DOROTHY BROWN** SEP 3 0 2016

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

DIE DATE
10/23/2016

DOC.TYPE:    CHANCERY
CASE NUMBER:   16CH12999
DEFENDANT
INLAND BANCORP INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE INF
RM 802  CT

ATTACHED

Legal Service Notice

Date Received _____10/18/16_____    Time Received __1:33__

Customer Name/
Defendant        _Move Chicago Inc_

Branch/Office    ___O B___

Received By      _Mary Seifert_

Type of Service  _____ Monetary (fax to Dep Ops 630-908-6460 and
                       Inter-office originals to Dep Ops)

                 _____ Non-Monetary (inter-office to Dep Ops)

How Received     _____ Sheriff Service

                 ✓ Special Process Server

                 _____ Certified Mail

                 _____ Fax

                 _____ Mail/Fed Ex

Number of Pages  _15_

---

**To Be Filled Out by Deposit Operations:**

Forwarded on __10/18/16__ to __G. Kraus__

*E-Mail Status Date Required by: _____

*E-Mail Response/Answer Required by: _____

*E-mail Status Date and Response/Answer to: Ron Rous, Sharon Follin and Wendy Vach

Each service requires this cover sheet which you may use for both your fax cover sheet and inter-office cover for your original documents sent to Deposit Operations in Oak Brook. **All legal notices must be faxed and/or inter-officed to Oak Brook as of the date of service unless you miss the courier run. In those cases, the originals may be sent the following day.**

If you have any questions, do not hesitate to contact Sharon Follin at 630-908-6533 or Ron Rous at 630-908-6411 in Deposit Operations.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ CHANCERY _____ DIVISION

No. _____ 2016CH12906
CALENDAR: ROOM 01
TIME: 00:00
Class Action

IMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

**(Name all parties)**

v.

INLAND BANCORP, INC., INLAND HOME MORTGAGE
COMPANY, LLC, and INLAND BANK AND TRUST,

**Please serve:**
Inland Bank and Trust
c/o Howard Jaffe
Its CEO
2901 Butterfield Road
Oak Brook, Illinois 60523

## ⊙ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| ◯ | **District 2 - Skokie** | ◯ | **District 3 - Rolling Meadows** | ◯ | **District 4 - Maywood** |
|---|---|---|---|---|---|
| | 5600 Old Orchard Rd. | | 2121 Euclid | | 1500 Maybrook Ave. |
| | Skokie, IL 60077 | | Rolling Meadows, IL 60008 | | Maywood, IL 60153 |
| ◯ | **District 5 - Bridgeview** | ◯ | **District 6 - Markham** | ◯ | **Child Support** |
| | 10220 S. 76th Ave. | | 16501 S. Kedzie Pkwy. | | 28 North Clark St., Room 200 |
| | Bridgeview, IL 60455 | | Markham, IL 60428 | | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34418

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiff

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

WITNESS DOROTHY BROWN SEP 30 2016

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT - CHANCERY DIVISION**

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 2016CH12999 CALENDAR/ROOM 02 TIME 00:00 Class Action |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, and INLAND BANK AND TRUST, | ) ) ) ) | |
| Defendants. | ) ) | Jury Trial Demanded |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff iMOVE CHICAGO, INC. ("iMove" or "Plaintiff"), brings this action to secure redress for the actions of Defendants INLAND BANCORP, INC. ("Inland Bancorp."), INLAND HOME MORTGAGE COMPANY, LLC ("Inland Home Mortgage"), and INLAND BANK AND TRUST ("Inland Trust") (collectively, "Defendants"), for sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, and conversion.

2. The TCPA expressly prohibits unsolicited facsimile ("fax") advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3.      Plaintiff iMove is an Illinois corporation headquartered in Chicago, Illinois.

4.      Defendant Inland Bancorp is a Maryland corporation headquartered in Illinois at 2901 Butterfield Road, Oak Brook, Illinois.  At all relevant times, Inland Bancorp was operating as a bank holding company for Inland Trust.

5.      Defendant Inland Home Mortgage is an Illinois corporation with its headquarters located at 2901 Butterfield Road, Oak Brook, Illinois.

6.      Defendant Inland Trust is an Illinois bank located at 2805 Butterfield Road, Oak Brook, Illinois.

## JURISDICTION AND VENUE

7.      Jurisdiction over Defendants is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within the state), section 2-209(a)(2) (commission of a tortious act within the state), section 2-209(b)(4) (corporation doing business within the state), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

8.      Venue is proper in this County, pursuant to 735 ILCS 5/2-101, because this is the county in which a substantial portion of the transactions and occurrences relevant to this action took place.

## FACTS

9.      On August 24, 2016, Plaintiff received an unsolicited fax advertisement (attached hereto as Exhibit A) from Defendants on its fax machine.

10.     On September 14, 2016, Plaintiff received a second unsolicited fax advertisement (attached hereto as Exhibit B) from Defendants on its fax machine.

2

11.     Both fax messages contained advertisements for Defendants' products and services.

12.     Additionally, both fax messages contained multiple telephone numbers and an email address registered to Defendants.

13.     Defendants' employee Gil Kerkbashian's ("Kerkbashian") name, photograph, telephone number, and email address were contained in both faxes.

14.     The TCPA and FCC rules require that unsolicited fax advertisements must include both a telephone number and a fax number for recipients to transmit a request to the sender not to send any additional unsolicited fax advertisements.  47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii)(D).

15.     However, neither fax message sent to Plaintiff included a fax number that would allow recipients of the fax message to send a fax message requesting that they not receive any further unsolicited fax advertisements.  The "fax opt out number" listed on both fax messages is a telephone number and cannot accept fax messages.

16.     Plaintiff had no relationship with Defendants or Defendants' employee Kerkbashian prior to receiving the unsolicited fax advertisements, and had not authorized, requested, or consented to allow Defendants to send it fax advertisements.

17.     Plaintiff's telephone and fax number were not registered or subscribed to receive any form of advertising from any solicitor or soliciting services at the time Plaintiff received Defendants' fax solicitations.

18.     On information and belief, both fax messages attached hereto were sent as part of a mass broadcasting of faxes.

3

19.     On information and belief, Defendants have transmitted similar unsolicited fax advertisements to more than 40 persons and businesses in Illinois.

20.     At all relevant times, there was no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving these illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## CLASS ALLEGATIONS

21.     **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801, on behalf of a class of similarly situated individuals and entities ("Class"), defined as follows:

> All persons with Illinois fax numbers who were sent facsimile messages by or on behalf of Defendants promoting Defendants' goods or services, since September 30, 2012.

Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

22.     **Numerosity**: Upon information and belief, the Class is comprised of more than 40 members, and is so numerous that joinder of all members is impractical. The exact number of Class members is presently unknown and can only be ascertained through discovery. Class members can be easily identified through Defendants' records or by other means.

23.     **Commonality and Predominance**: There are questions of law and fact common to the claims of the Plaintiff and members of the Class that predominate over any individual issues, including:

> a.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements to Plaintiff and Class members;

4

b. Whether Defendants' transmission of the unsolicited fax messages violated the TCPA;

c. Whether Plaintiff and Class members are entitled to treble damages based on the willfulness of Defendants' conduct;

d. Whether Defendants engaged in unfair or unlawful acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); and

e. Whether Defendants converted Plaintiff's and Class members' property.

24. **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class. All claims are based on the same legal and factual issues. Plaintiff and each of the Class members received an unsolicited fax advertisement from Defendants during the time period relevant to this action.

25. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in handling class actions and claims involving unlawful business practices. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

26. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

27. Numerous courts have certified class actions under the TCPA. *See, e.g., Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94 (Ariz. App. 2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind. App. 2003); *Hooters of Augusta, Inc. v. Nicholson*, 245 Ga.App. 363 (Ga. App. 2000) (private class actions); *State of*

5

*Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892 (W.D. Tex. 2001) (state enforcement action).

28.     Defendants have acted on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

**COUNT I**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227)**

29.     Plaintiff repeats and re-alleges paragraphs 1-28, with the same force and effect as though fully set forth herein.

30.     At all relevant times, the TCPA was in full force and effect.

31.     The TCPA prohibits "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. . . ." 47 U.S.C. §227(b)(l)(C).

32.     The TCPA provides for a private right of action, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

47 U.S.C. §227(b)(3)

6

33.     Plaintiff and Class members did not give prior consent for Defendants to send them unsolicited fax advertisements and Plaintiff and Class members did not have an established business relationship with Defendants.

34.     Plaintiff and Class members received unsolicited fax messages from Defendants in violation of the TCPA.  The fax messages that Plaintiff and Class members received were advertisements for goods or services offered by Defendants.

35.     Further, Defendants willfully and knowingly violated the TCPA, as evidenced by Defendants' repeated violation of the TCPA by sending multiple unsolicited fax advertisements to Plaintiff and Class members.

36.     As a direct and proximate result of the foregoing, Plaintiff and each Class member suffered damages when they received the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, Plaintiff's and Class members' statutory right of privacy was invaded.

37.     Neither unsolicited fax advertisement sent to Plaintiff and Class members included a fax number that would allow recipients to send a request to not receive any further fax advertisements.

38.     Plaintiff and Class members are entitled to statutory damages.

39.     Defendants should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendants do not have an established relationship or who has not requested Defendants' advertising to be sent via fax.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff iMOVE CHICAGO, INC., individually, and on behalf of the Class, prays for an Order as follows:

7

a.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class defined herein,

b.   Designating Plaintiff as the representative of the Class and its undersigned counsel as Class Counsel,

c.   Entering judgment in favor of Plaintiff and the Class and against Defendants, jointly and severally,

d.   Awarding Plaintiff and the Class actual damages, statutory damages, and treble damages,

e.   Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law,

f.   Enjoining Defendants form any further transmission of unsolicited fax advertisements, and

g.   Granting all such further and other relief as the Court deems just and appropriate.

### COUNT II
### Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act
### (815 ILCS 505/1, *et seq.*)

40.   Plaintiff repeats and re-alleges paragraphs 1-28, with the same force and effect as though fully set forth herein.

41.   At all relevant times, the ICFA was in full force and effect.

42.   The ICFA prohibits, *inter alia*, using unfair or unlawful business acts or practices. 815 ILCS 505/2.

43.   Defendants engaged in unfair and unlawful acts and practices by sending unsolicited fax advertisements to Plaintiff and Class members.

44.   Unsolicited fax advertising violates both the TCPA and Illinois law. Illinois statute 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

8

45.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

46.    Defendants' conduct caused recipients of their advertising to bear the cost of Defendants' advertisements. This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing the ad, the fax broadcaster misappropriates the recipients paper and ink. "Receiving a junk fax is like getting junk mail with the postage due." Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. lst Sess.

47.    Defendants' shifting of advertising costs to Plaintiff and the Class members in this manner makes such practice unfair. In addition, Defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

48.    As a direct and proximate result of the foregoing, Plaintiff and each Class member suffered damages as a result of receipt of the unsolicited faxes, including the paper and ink or toner consumed as a result, as well as the violation of their statutory right to privacy.

49.    Defendants engaged the foregoing conduct in the course of trade and commerce.

50.    Defendants should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendants do not have an established relationship or who has not requested Defendants' advertising to be sent via fax.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff iMOVE CHICAGO, INC., individually, and on behalf of the Class, prays for an Order as follows:

9

    a.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class defined herein,

    b.    Designating Plaintiff as the representative of the Class and its undersigned counsel as Class Counsel,

    c.    Entering judgment in favor of Plaintiff and the Class and against Defendants, jointly and severally,

    d.    Awarding Plaintiff and the Class damages equal to the amount of actual damages that they sustained, plus punitive damages,

    e.    Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law,

    f.    Enjoining Defendants from any further transmission of unsolicited fax advertisements, and

    g.    Granting all such further and other relief as the Court deems just and appropriate.

## COUNT III
### Conversion

51.    Plaintiff repeats and re-alleges paragraphs 1-28, as though fully set forth herein.

52.    By sending Plaintiff and Class members unsolicited faxes, Defendants converted to their own use ink or toner and paper belonging to Plaintiff and the Class members.

53.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and Class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

54.    By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

55.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

56.     As a direct and proximate result of Defendants' conduct, Plaintiff and Class members suffered damages as Plaintiff and Class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.

57.     Defendants should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendants do not have an established relationship or who has not requested Defendants' advertising to be sent via fax.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff iMOVE CHICAGO, INC., individually, and on behalf of the Class, prays for an Order as follows:

a.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class defined herein,

b.   Designating Plaintiff as the representative of the Class and its undersigned counsel as Class Counsel,

c.   Entering judgment in favor of Plaintiff and the Class and against Defendants, jointly and severally,

d.   Awarding Plaintiff and the Class damages equal to the amount of actual damages that they sustained,

e.   Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law,

f.   Enjoining Defendants from any further transmission of unsolicited fax advertisements, and

g.   Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

11

IMOVE CHICAGO, INC. individually, and on behalf of all others similarly situated,

By: _____

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Amelia S. Newton
*amy@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
Firm ID No. 34418
www.attorneyzim.com

Counsel for the Plaintiff and Class

12

## DAVID AND GOLIATH. SELF EMPLOYED VS CORPORATE.

I NOW HAVE A PROGRAM THAT SERVES THE FORGOTTEN SELF EMPLOYED BUSINESS PERSON. THE SELF EMPLOYED
UNDERDOG THAT BUILDS THEIR BUSINESS DAY IN AND DAY OUT WITHOUT A REGULAR PAYCHECK. AS A SELF EMPLOYED
PERSON MYSELF I KNOW WHAT ITS LIKE BEING SELF EMPLOYED, BEING AN UNDERDOG AND COMPETING AGAINST BIG BANKS
WITH THEIR ENDLESS RESOURCES. WHEN WILL THE MORTGAGE MARKET INTRODUCE BETTER LENDING SOLUTIONS FOR US?

## FINALLY A STEP IN THE RIGHT DIRECTION...

### *Gil Kerbashian's*
### Solutions for Self Employed Homebuyers

Often times, due to write-offs, tax returns won't always show an accurate cash flow. If you have a
homebuyer experiencing this situation, I have the solution. I've introduced a 15% downpayment loan
for self employed homebuyers with strong credit but that can't provide tax returns due to write-offs...

### NO TAX RETURN PROGRAM. I QUALIFY SELF EMPLOYED FOLKS WITH 12-24 MOS BANK STATEMENTS



 Gil Kerkbashian
(847) 873-7295
gil@inlandbank.com
Mortgage Lending Since 1997
Senior Loan Originator
NMLS 197757 031.0034768
Inland Home Mortgage



Lake Zurich, Countryside, Geneva, Oak Brook,
Elmhurst, Glen Ellyn, Lombard, Villa Park, Morton
Grove, Hawthorn Woods Corp: 2225 SW Oil Rd.
Hillside IL 60162 (877) 838-4462 NMLS 221063

Fax opt out number: (855) 477-3374

**Exhibit A**

14-Sep-2016 16:05 UTC Fr: from gil To: to pat +17738566201 p.1



# Who Doesn't Love Piggybacks?

A piggyback mortgage is a second mortgage or home equity loan that closes at the same time as the first mortgage. Homeowners sometimes use a piggyback mortgage to lower the loan-to-value ratio of the first loan, enabling them to avoid paying private mortgage insurance.

***What else can you do with one of our second mortgages?:***
•Pull equity from your current home to buy another property.
•Pay down debt and realign debt to income ratios for a future purchase.
•Move from a Jumbo loan to a Conforming loan to avoid Jumbo guidelines.
•Use the HELOC to reduce downpayment so you can use savings to upgrade the home.
•Pay off high interest debt and improve cash flow.

Opt out of fax updates: 1-855-477-3374



Gil Kerkbashian
(847) 873-7295
gil@inlandbank.com
Mortgage Lending Since 1997
Senior Loan Originator
NMLS 197757 031 0034768
Inland Home Mortgage



Lake Zurich, Countryside, Geneva, Oak Brook, Elmhurst, Glen Ellyn, Lombard, Villa Park, Morton Grove, Hawthorn Woods Corp 2225 S Wolf Rd. Hillside IL 60162 (877) 898-4462 NMLS 221668

**Exhibit B**