IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,<br>       Plaintiff,<br>v.<br>INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN,<br>       Defendants. | No. 1:16-cv-10106<br><br>Jury Trial Demanded |

### GIL KERKBASHIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CORRECTED AMENDED CLASS ACTION COMPLAINT

Gil Kerkbashian ("Kerkbashian"), for his answer and affirmative defenses to the corrected amended class action complaint, states as follows:

## I. *Answer*

1. Plaintiff iMOVE CHICAGO, INC. ("iMove" or "Plaintiff"), brings this action to secure redress for the actions of Defendants INLAND BANCORP, INC., ("Inland Bancorp."), INLAND HOME MORTGAGE COMPANY, LLC ("Inland Home Mortgage"), INLAND BANK AND TRUST ("Inland Trust"), and GIL KERKBASHIAN ("Kerkbashian") (collectively, "Defendants"), for sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, and conversion.

**ANSWER:** Kerkbashian admits that iMove attempts to state claims for violations of the Telephone Consumer Protection Act ("the TCPA") and of the Illinois Consumer Fraud and Deceptive Business Practices Act and for conversion. Kerkbashian denies any and all remaining allegations in paragraph 1.

       \*       \*       \*

2. The TCPA expressly prohibits unsolicited facsimile ("fax") advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink

or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:** Kerkbashian admits the existence of the TCPA. The remainder of the allegations in paragraph 2 consists of argument, generalized statements, and conclusions of law to which no answer is required. To the extent an answer is required, Kerkbashian denies any and all remaining allegations in paragraph 2.

\*     \*     \*

3. Plaintiff iMOVE is an Illinois corporation headquartered in Chicago, Illinois.

**ANSWER:** On information and belief, Kerkbashian admits the allegations in paragraph 3.

\*     \*     \*

4. Defendant Inland Bancorp is a Maryland corporation headquartered in Illinois at 2901 Butterfield Road, Oak Brook, Illinois. At all relevant times, Inland Bancorp was operating as a bank holding company for Inland Trust.

**ANSWER:** On information and belief, Kerkbashian admits the allegations in paragraph 4.

\*     \*     \*

5. Defendant Inland Home Mortgage is an Illinois corporation with its headquarters located at 2901 Butterfield Road, Oak Brook, Illinois.

**ANSWER:** On information and belief, Kerkbashian admits that Inland Home Mortgage, LLC, is an Illinois limited liability company. Kerkbashian denies any and all remaining allegations in paragraph 5.

\*     \*     \*

6. Defendant Inland Trust is an Illinois bank located at 2805 Butterfield Road, Oak Brook, Illinois.

**ANSWER:** On information and belief, Kerkbashian admits the allegations in paragraph 6.

\* \* \*

7. On information and belief, Defendant Gil Kerkbashian is a resident and citizen of Illinois.

**ANSWER:** Kerkbashian admits that he is a resident and citizen of Illinois.

\* \* \*

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

**ANSWER:** Kerkbashian admits the allegations in paragraph 8.

\* \* \*

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Kerkbashian denies the allegations in paragraph 9.

\* \* \*

10. The Court has personal jurisdiction over Defendants because Inland Trust and Inland Home Mortgage are businesses organized under the rules of Illinois, Inland Bancorp is headquartered and does business in Illinois, and, upon information and belief, Kerkbashian is a resident and citizen of Illinois.

**ANSWER:** Kerkbashian admits that he is a resident and citizen of Illinois and that the court has personal jurisdiction of him. Kerkbashian lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

\* \* \*

11. Venue in this District is proper because a substantial portion of the events occurred in the District, Defendants transact business in the District, and Inland Trust and Inland Home Mortgage are located in the District.

**ANSWER:** Kerkbashian admits that venue of this action is proper in this district. Kerkbashian lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

\* \* \*

12. On August 24, 2016, Plaintiff received an unsolicited fax advertisement (attached hereto as <u>Exhibit A</u>) from Defendants on its fax machine.

**ANSWER:** Kerkbashian admits that on August 24, 2016, iMove received by fax the document attached as Exhibit A to the complaint. Kerkbashian denies that the document received by fax was an unsolicited advertisement and he denies any and all remaining allegations in paragraph 12.

\* \* \*

13. On September 14, 2016, Plaintiff received a second unsolicited fax advertisement (attached hereto as <u>Exhibit B</u>) from Defendants on its fax machine.

**ANSWER:** Kerkbashian admits that on September 14, 2016, iMove received by fax the document attached as Exhibit B to the complaint. Kerkbashian denies that the document received by fax was an unsolicited advertisement and he denies any and all remaining allegations in paragraph 13.

\* \* \*

14. Both fax messages contained advertisements for Defendants' products and services.

**ANSWER:** Kerkbashian admits that the documents received by fax attached as Exhibits A and B to the complaint contained information about the products and services of

Kerkbashian. Kerkbashian denies that the documents received by fax were unsolicited advertisement and he denies any and all remaining allegations in paragraph 14.

\* \* \*

15. Additionally, both fax messages contained multiple telephone numbers and an email address registered to Defendants.

**ANSWER:** Kerkbashian admits that the documents received by fax contained multiple telephone numbers and an email address registered to Kerkbashian. Kerkbashian denies any and all remaining allegations in paragraph 15.

\* \* \*

16. Kerkbashian's name, photograph, telephone number, and email address were contained in both faxes.

**ANSWER:** Kerkbashian admits the allegations in paragraph 16.

\* \* \*

17. Under the doctrine of *respondeat superior,* Inland Bancorp, Inland Trust, and Inland Home Mortgage are responsible for Kerkbashian's conduct on behalf of Inland Bancorp, Inland Trust, and Inland Home Mortgage.

**ANSWER:** Kerkbashian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

\* \* \*

18. The TCPA and FCC rules require that unsolicited fax advertisements must include both a telephone number and a fax number for recipients to transmit a request to the sender not to send any additional unsolicited fax advertisements. 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii)(D).

**ANSWER:** The allegations of paragraph 18 purport to summarize provisions of the TCPA and of FCC rules. Kerkbashian denies that he has violated the TCPA, denies that he has

violated FCC rules, denies any and all liability to iMove, and denies any and all remaining allegations of paragraph 18.

* * *

19. However, neither fax message sent to Plaintiff included a fax number that would allow recipients of the fax message to send a fax message requesting that they not receive any further unsolicited fax advertisements. The "fax opt out number" listed on both fax messages is a telephone number and cannot accept fax messages.

**ANSWER:** Kerkbashian states that information on the documents received by fax enabled the recipient to opt out of receiving further documents by fax. Kerkbashian denies any and all remaining allegations in paragraph 19.

* * *

20. Plaintiff had no relationship with Defendants prior to receiving the unsolicited fax advertisements, and had not authorized, requested, or consented to allow Defendants to send it fax advertisements.

**ANSWER:** Kerkbashian denies the allegations in paragraph 20. See the first affirmative defense below, which is incorporated into this answer to paragraph 20.

* * *

21. Plaintiff's telephone and fax number were not registered or subscribed to receive any form of advertising from any solicitor or soliciting services at the time Plaintiff received Defendants' fax solicitations.

**ANSWER:** Kerkbashian denies the allegations in paragraph 21.

* * *

22. On information and belief, both fax messages attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER:** Kerkbashian admits that the documents attached as Exhibits A and B to the complaint were sent to other recipients. Kerkbashian denies any and all remaining allegations in paragraph 22.

*     *     *

      23.    On information and belief, Defendants have transmitted similar unsolicited fax advertisements to more than 40 persons and businesses in Illinois.

      **ANSWER:** Kerkbashian admits that the documents attached as Exhibits A and B to the complaint were sent to more than 40 persons and businesses in Illinois. Kerkbashian denies any and all liability to iMove and denies any and all remaining allegations in paragraph 23.

*     *     *

      24.    At all relevant times, there was no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving these illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

      **ANSWER:** Kerkbashian denies the allegations in paragraph 24.

*     *     *

      25.    Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23 on behalf of similarly situated individuals and entities ("Class") defined as follows:

> All persons with Illinois fax numbers who were sent facsimile messages by or on behalf of Defendants promoting Defendants' goods or services, since September 30, 2012.
>
> Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

      **ANSWER:** Kerkbashian admits the existence of Fed.R.Civ.P.23(a). Kerkbashian denies that the rule has applicability in this case, and he denies any and all remaining allegations in paragraph 25.

*     *     *

26. Fed. R. Civ. P. Rule 23(a) provides that four prerequisites must be satisfied for a class to be certified: (1) that the proposed Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the Class; (3) that the claims of the representative party are typical of the claims of the Class; and (4) that the representative party will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). Additionally, to be entitled to class certification, one of the subsections of Fed. R. Civ. P. Rule 23(b) must be satisfied.

**ANSWER:** Kerkbashian admits the existence of Fed.R.Civ.P.23(a). Kerkbashian denies that the rule has applicability in this case, and he denies any and all remaining allegations in paragraph 26.

\*       \*       \*

27. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Class is comprised of more than 40 members. The exact number of Class members is presently unknown and can only be ascertained through discovery. Class members can be easily identified through Defendants' records or by other means.

**ANSWER:** Kerkbashian denies the allegations in paragraph 27.

\*       \*       \*

28. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class, including, but not limited to:

   a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements to Plaintiff and Class members;

   b. Whether Defendants' transmission of the unsolicited fax messages violated the TCPA;

   c. Whether Plaintiff and Class members are entitled to treble damages based on the willfulness of Defendants' conduct;

   d. Whether Defendants engaged in unfair or unlawful acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); and

   e. Whether Defendants converted Plaintiffs and Class members' property.

**ANSWER:** Kerkbashian denies the allegations in paragraph 28.

*   *   *

29. **Typicality:** Plaintiff's claims are typical of the claims of the proposed Class. All claims are based on the same legal and factual issues. Plaintiff and each of the Class members received an unsolicited fax advertisement from Defendants during the time period relevant to this action.

**ANSWER:** Kerkbashian denies the allegations in paragraph 29.

*   *   *

30. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in handling class actions and claims involving unlawful business practices. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

**ANSWER:** Kerkbashian denies the allegations in paragraph 30.

*   *   *

31. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

**ANSWER:** Kerkbashian denies the allegations in paragraph 31.

*   *   *

32. Numerous courts have certified class actions under the TCPA. *See, e.g., Travel 100 Group, Inc. v. Empire Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94 (Ariz. App. 2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind. App. 2003); *Hooters of Augusta, Inc. v. Nicholson,* 245 Ga. App. 363 (Ga. App. 2000) (private class actions); *State of Texas v. American Blast/ax, Inc.,* 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:** Kerkbashian denies that each of the cases cited in paragraph 32 involved the issue of whether a class action under the TCPA was properly certified. Kerkbashian denies that a class should be certified in this action and he denies any and all remaining allegations in paragraph 32.

* * *

33. Further, under Fed. R. Civ. P. Rule 23(a), Defendants have acted on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

**ANSWER:** Kerkbashian denies the allegations in paragraph 33.

* * *

## COUNT I

34. Plaintiff repeats and re-alleges paragraphs 1-33, with the same force and effect as though fully set forth herein.

**ANSWER:** Kerkbashian alleges his answers to paragraph 1 through 33 above as his answer to paragraph 34.

* * *

35. At all relevant times, the TCPA was in full force and effect.

**ANSWER:** Kerkbashian admits that the TCPA was in full force and effect at all times material. Kerkbashian denies that he violated the TCPA and he denies any and all remaining allegations in paragraph 35.

* * *

36. The TCPA prohibits "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. . . ." 47 U.S.C. § 227(b)(1)(C).

**ANSWER:** Kerkbashian admits that iMove has quoted a part of the TCPA. Kerkbashian denies that he violated the TCPA and he denies any and all remaining allegations in paragraph 36.

* * *

37. The TCPA provides for a private right of action, as follows:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3)

**ANSWER:** Kerkbashian admits that iMove has quoted a part of the TCPA. Kerkbashian denies that iMove is entitled to assert a private right of action. Kerkbashian denies that he violated the TCPA and he denies any and all remaining allegations in paragraph 37.

\* \* \*

38. Plaintiff and Class members did not give prior consent for Defendants to send them unsolicited fax advertisements and Plaintiff and Class members did not have an established business relationship with Defendants.

**ANSWER:** Kerkbashian denies the allegations in paragraph 38.

\* \* \*

39. Plaintiff and Class members received unsolicited fax messages from Defendants in violation of the TCPA. The fax messages that Plaintiff and Class members received were advertisements for goods or services offered by Defendants.

**ANSWER:** Kerkbashian denies the allegations in paragraph 39.

\* \* \*

40. Further, Defendants willfully and knowingly violated the TCPA, as evidenced by Defendants' repeated violation of the TCPA by sending multiple unsolicited fax advertisements to Plaintiff and Class members.

**ANSWER:** Kerkbashian denies the allegations in paragraph 40.

\* \* \*

41. As a direct and proximate result of the foregoing, Plaintiff and each Class member suffered damages when they received the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's and Class members' statutory right of privacy was invaded.

**ANSWER:** Kerkbashian denies the allegations in paragraph 41.

\* \* \*

42. Neither unsolicited fax advertisement sent to Plaintiff and Class members included a fax number that would allow recipients to send a request to not receive any further fax advertisements.

**ANSWER:** Kerkbashian denies the allegations in paragraph 42.

\* \* \*

43. Plaintiff and Class members are entitled to statutory damages.

**ANSWER:** Kerkbashian denies the allegations in paragraph 43.

\* \* \*

44. Defendants should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendants do not have an established relationship or who has not requested Defendants' advertising to be sent via fax.

**ANSWER:** Kerkbashian denies that the relief described in paragraph 44 is necessary or proper in this case, and Kerkbashian denies any and all remaining allegations in paragraph 44.

\* \* \*

**WHEREFORE**, Kerkbashian prays that the Court enter judgment in his favor and against iMove on Count I of the corrected amended complaint and that the Court grant such other relief as is appropriate.

\* \* \*

## COUNT II

45. Plaintiff repeats and re-alleges paragraphs 1-33, with the same force and effect as though fully set forth herein.

**ANSWER:** Kerkbashian realleges his answers to paragraphs 1 through 33 above as his answer to paragraph 45.

\* \* \*

46. At all relevant times, the ICFA was in full force and effect.

**ANSWER:** Kerkbashian admits that the ICFA was in full force and effect at all times material. Kerkbashian denies that he violated the ICFA and he denies any and all remaining allegations in paragraph 46.

\* \* \*

47. The ICFA prohibits, *inter alia,* using unfair or unlawful business acts or practices. 815 ILCS 505/2.

**ANSWER:** Kerkbashian admits that the ICFA was in full force and effect at all times material. Kerkbashian denies that he violated the ICFA and he denies any and all remaining allegations in paragraph 47.

\* \* \*

48. Defendants engaged in unfair and unlawful acts and practices by sending unsolicited fax advertisements to Plaintiff and Class members.

**ANSWER:** Kerkbashian denies the allegations in paragraph 48.

* * *

49. Unsolicited fax advertising violates both the TCPA and Illinois law. Illinois statute 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

**ANSWER:** Kerkbashian admits that iMove attempts to summarize the effect of the TCPA, Illinois law, and 720 ILCS 5/26-3(b). Kerkbashian denies that he has violated the TCPA, Illinois law, or 702 ILCS 5/26-3(b), and he denies any and all remaining allegations in paragraph 49.

* * *

50. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

**ANSWER:** Kerkbashian denies the allegations in paragraph 50.

* * *

51. Defendants' conduct caused recipients of their advertising to bear the cost of Defendants' advertisements. This gave Defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing the ad, the fax broadcaster misappropriates the recipients paper and ink. "Receiving a junk fax is like getting junk mail with the postage due." Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

**ANSWER:** Kerkbashian admits that iMove has quoted certain remarks of Congressman Edward Markey. Kerkbashian denies any and all remaining allegations in paragraph 51.

* * *

52. Defendants' shifting of advertising costs to Plaintiff and the Class members in this manner makes such practice unfair. In addition, Defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

**ANSWER:** Kerkbashian denies the allegations in paragraph 52.

* * *

53. As a direct and proximate result of the foregoing, Plaintiff and each Class member suffered damages as a result of receipt of the unsolicited faxes, including the paper and ink or toner consumed as a result, as well as the violation of their statutory right to privacy.

**ANSWER:** Kerkbashian denies the allegations in paragraph 53.

\* \* \*

54. Defendants engaged the foregoing conduct in the course of trade and commerce.

**ANSWER:** Kerkbashian denies the allegations in paragraph 54.

\* \* \*

55. Defendants should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendants do not have an established relationship or who has not requested Defendants' advertising to be sent via fax.

**ANSWER:** Kerkbashian denies that the relief described in paragraph 55 is necessary or proper in this case, and Kerkbashian denies any and all remaining allegations in paragraph 55.

\* \* \*

**WHEREFORE**, Kerkbashian prays that the Court enter judgment in his favor and against iMove on Count II of the corrected amended complaint and that the Court grant such other relief as is appropriate.

\* \* \*

## COUNT III

56. Plaintiff repeats and re-alleges paragraphs 1-33, as though fully set forth herein.

**ANSWER:** Kerkbashian realleges his answers to paragraphs 1 through 33 above as his answer to paragraph 56.

\* \* \*

57. By sending Plaintiff and Class members unsolicited faxes, Defendants converted to their own use ink or toner and paper belonging to Plaintiff and the Class members.

**ANSWER:** Kerkbashian denies the allegations in paragraph 57.

\* \* \*

58. Immediately prior to the sending of the unsolicited faxes, Plaintiff and Class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

**ANSWER:** Kerkbashian denies the allegations in paragraph 58.

\* \* \*

59. By sending the unsolicited faxes, Defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

**ANSWER:** Kerkbashian denies the allegations in paragraph 59.

\* \* \*

60. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

**ANSWER:** Kerkbashian denies the allegations in paragraph 60.

\* \* \*

61. As a direct and proximate result of Defendants' conduct, Plaintiff and Class members suffered damages as Plaintiff and Class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.

**ANSWER:** Kerkbashian denies the allegations in paragraph 61.

\* \* \*

62. Defendants should be enjoined from sending further advertising faxes to Plaintiff and any person with whom Defendants do not have an established relationship or who has not requested Defendants' advertising to be sent via fax.

**ANSWER:** Kerkbashian denies that the relief described in paragraph 62 is necessary or proper in this case, and Kerkbashian denies any and all remaining allegations in paragraph 62.

\* \* \*

**WHEREFORE**, Kerkbashian prays that the Court enter judgment in his favor and against iMove on Count III of the corrected amended complaint and that the Court grant such other relief as is appropriate.

*   *   *

## II. *Affirmative Defenses*

### *First Affirmative Defense*

1. Gil Kerkbashian is an Illinois resident. He is, and at all times material was, a mortgage banker.

2. iMove is an Illinois corporation having its principal place of business in Chicago, Illinois. On information and belief, iMove's president is Erickson Ocasio.

3. On information and belief, iMove operates as a real estate broker and a rental agent.

4. In 2015, Kerkbashian telephoned Ocasio at least twice. The first occasion was a cold call.

5. During the foregoing call, Kerkbashian introduced himself to Ocasio and described some of Kerkbashian's mortgage lending products and services. On that occasion Ocasio asked Kerkbashian to fax Ocasio, at his office at iMove, such information as Kerkbashian thought might be of interest to Ocasio.

6. Kerkbashian followed up by faxing to Ocasio on one or more occasions, at the iMove fax number, one or more documents containing information about Kerkbashian's mortgage lending products and services.

7.  Sometime later in 2015, Kerkbashian telephoned Ocasio again and during their telephone discussion Kerkbashian sought to familiarize Ocasio with Kerkbashian's mortgage banking products and services.

8.  Kerkbashian followed up that second telephone discussion by faxing to Ocasio on one or more occasions, at the iMove fax number, one or more documents containing information about Kerkbashian's mortgage lending products and services.

9.  Neither Ocasio nor iMove objected to the receipt of the foregoing documents that Kerkbashian sent by fax in 2015.

10. In August or September 2016, Kerkbashian sent to Ocasio at iMove the documents attached to the corrected amended complaint as Exhibits A and B.

11. At the time that Kerkbashian did so, there existed between Kerkbashian and iMove an established business relationship as provided in 47 C.F.R. §64.1200(f)(6).

## *Second Affirmative Defense*

1.  Kerkbashian realleges paragraphs 1 through 11 of the first affirmative defense above as paragraph 1 of his second affirmative defense.

2.  iMove has an established business relationship with Kerkbashian.

3.  iMove is not representative of any putative class.

4.  This action may not be maintained as a class action.

## *Third Affirmative Defense*

1.  Each Count of the corrected amended complaint fails to state a claim upon which relief may be granted.

### *Fourth Affirmative Defense*

1. The corrected amended complaint fails to adequately plead knowledge, scienter, and/or intent.

2. The corrected amended complaint fails to adequately plead the facts that purportedly give rise to the alleged violations of the TCPA and the ICFA and fails to adequately plead the facts that purportedly give rise to the alleged conversion.

**GIL KERKBASHIAN**

By: /s/ J. Michael Williams
One of His Attorneys

Cornelius P. Brown (ARDC No. 0312355)
J. Michael Williams (ARDC No. 6194265)
Amy E. Daleo (ARDC no. 6281091)
Cohon Raizes & Regal LLP
208 S. LaSalle Street, Suite 1440
Chicago, Illinois 60604-1261
312.726.2252 (phone)
312.726.0609 (fax)

Date: March 29, 2017