IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated )<br>)<br>)<br>                  Plaintiff, )<br>   v. )<br>)<br>INLAND BANCORP, INC., INLAND HOME )<br>MORTGAGE COMPANY, LLC, INLAND BANK )<br>AND TRUST, and GIL KERKBASHIAN, )<br>)<br>                  Defendants. ) | No. 16-cv-10106<br><br>Judge Andrea R. Wood |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF A
CLASS ACTION SETTLEMENT AGREEMENT WITH DEFENDANTS**

Plaintiff iMOVE CHICAGO, INC. ("Plaintiff"), individually, and on behalf of the class of persons defined below in Paragraph 3(a) (the "Settlement Class"), requests that the Court enter an order which: (i) preliminarily approves the Class Settlement Agreement ("Agreement"), attached as Appendix 1, between Plaintiff and Defendants INLAND BANCORP, INC. ("Inland Bancorp"), INLAND HOME MORTGAGE COMPANY, LLC ("Inland Home Mortgage"), INLAND BANK AND TRUST ("Inland Bank" and, collectively, with Inland Bancorp and Inland Home Mortgage, the "Inland Bank Defendants") and GIL KERKBASHIAN ("Gil Kerkbashian" and, collectively, with the Inland Bank Defendants, the "Defendants"); (ii) sets dates for Settlement Class Members to submit claim forms, opt out or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the sending of notice to the Settlement Class in the form of Exhibits B-1, B-2, and B-3 to Appendix 1, and (v) finds that the dissemination of such notice satisfies due process. A copy of the proposed preliminary approval order is attached as Exhibit A to Appendix 1.

1.      Plaintiff, individually and on behalf of a class of similarly situated persons and entities, filed a lawsuit in the in the Circuit Court of Cook County, Illinois, which was subsequently removed to the United States District Court for the Northern District of Illinois, entitled *iMove Chicago, Inc. v. Inland Bancorp at al.*, Case No. 16-cv-10106 (the "Litigation"). The Litigation alleged that Defendants unlawfully sent or caused the unlawful sending of unsolicited facsimile advertisements to telephone facsimile machines. Plaintiff brought causes of action against Defendants under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, and for conversion, in which Plaintiff sought damages, individually, and on behalf of the putative class, for the unsolicited facsimile advertisements.

2.      Counsel for the Parties engaged in discussions and arm's-length negotiations, including a formal mediation overseen by highly-respected, retired Magistrate Judge and JAMS mediator, Morton Denlow. Class Counsel was well informed of the important facts and relevant issues when negotiating with Defendants. Ultimately, Plaintiff and Defendants (collectively, the "Parties") reached a settlement to resolve the Litigation. Defendants deny violating the TCPA, violating the ICFA, engaging in conversion, and deny all liability to Plaintiff and the Class. Defendants desire to settle Plaintiff's claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that have been or could have been asserted by Plaintiff and the Settlement Class against Defendants in the Litigation. Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsels'

review and analysis, the Parties have entered into the Agreement to settle and compromise the Litigation.

3.  The Parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

   a. Settlement Class. The Parties have agreed to certification of the following Settlement Class for settlement purposes only: all persons and entities who actually received one or more of the five Facsimile Advertisements from Gil Kerkbashian.[1]

   There are approximately 2,507 persons and entities in the Settlement Class.

   The Settlement Class does not include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine, and these persons and entities do not release any claims against Defendants. Plaintiff's Released Claims also do not include any claims relating to the substance of the Facsimile Advertisements, and any other claims not arising out of or relating to the conduct of the sending of the Facsimile Advertisements at issue.

   b. Settlement Class Recovery. Defendants shall create a class settlement fund of $2,455,500.00 ("Settlement Fund"). As set forth in the Agreement, the costs associated with sending the notice and administering the settlement, any award of attorney's fees and costs approved by the Court, and any service award approved by the Court shall paid from the Settlement Fund. After the deduction of these various costs, the amount remaining in the Settlement Fund shall be distributed pro rata among Settlement Class Members who do not exclude themselves and who timely return a claim form ("Participating Settlement Class Members"). Participating Settlement Class Members will receive a pro rata share of the Settlement Fund by check. Checks issued to Participating Settlement Class Members will be void after 6 months ("Void Date").

   c. Service Award to Plaintiff. Subject to Court approval, Defendants shall pay $5,000.00 from the Settlement Fund to Plaintiff as an incentive award for bringing the claims on behalf of the Settlement Class.

   d. Attorney's Fees and Costs. Class Counsel shall petition the Court for approval of attorney's fees not to exceed one third (1/3) of the Settlement Fund plus the

---

[1] The term "Facsimile Advertisements" is defined in the Agreement as "the 9,822 facsimile advertisements sent by or on behalf of Defendant Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, which were successfully transmitted to and received by a fax machine." Appendix 1 at p.5.

costs and expenses that Class Counsel has incurred in the prosecution of the Litigation. Class Counsel shall file a fee petition at least fourteen (14) days prior to the Opt-Out and Objection Deadline. The amount of fees, costs, and expenses awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator as awarded by the Court.

  e. <u>Class Notice</u>. Within thirty (30) days of entry of the Preliminary Approval Order, Settlement Administrator cause Facsimile Notice and the Facsimile Claim Form (in the form of Exhibits B-1 and C-1 to Appendix 1) to be sent to the 2,507 facsimile numbers that successfully received facsimile advertisements from Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016. The same day, the Settlement Administrator shall also cause Postcard Notice with the Tear-Off Claim Form (in the form of Exhibits B-2 and C-2 to Appendix 1) to be sent to all Settlement Class Members for whom the Settlement Administrator is able to obtain a mailing address using the information contained in the Class lists. The Settlement Administrator shall also cause an informational website about the Settlement with an easy to remember domain name to be set up and maintained by the Settlement Administrator (the "Settlement Website") to be activated on the Internet. The Settlement Website shall include, among other things, links to the Detailed Notice and a downloadable Blank Claim Form (in the form of Exhibits B-3 and C-3 to Appendix 1).

  f. <u>Settlement Class Members' Right to Opt Out</u>. All Settlement Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from such Settlement Class and shall have no rights pursuant to this Agreement. A request for exclusion must include the Settlement Class Member's name and address, their physical signature; the name and number of the Litigation, and a statement that they wish to be excluded from the Settlement Class. The request must be mailed to the Settlement Administrator at the address provided in the Class Notice and postmarked by November 28, 2017. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not postmarked within the time specified shall be invalid and the person(s) serving such request shall remain a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved.

  g. <u>Settlement Class Members' Right to Object</u>. A Settlement Class Member has the right to tell the Court that he or she does not agree with the Settlement or some part of it. An objector must timely submit an objection and give reasons why he or she thinks the Court should not approve the settlement, as follows:

- Any objector must send a copy of his or her objection by mail, hand, or overnight delivery service to the following:

  <u>For Plaintiff and the Settlement Class</u>:
  Thomas A. Zimmerman, Jr.
  Zimmerman Law Offices, P.C.
  77 W. Washington St., Suite 1220

4

        Chicago, IL 60602

        <u>For the Inland Bank Defendants</u>:
        Thomas P. Cimino, Jr.
        Vedder Price P.C.
        222 N. LaSalle St., Suite 2600
        Chicago, IL 60601

        <u>For Gil Kerkbashian</u>:
        Cornelius P. Brown
        Cohon Raizes & Regal LLP
        208 S. LaSalle St., Suite 1440
        Chicago, IL 60604

- Any written objection must include: (a) the objector's name and address; (b) the objector's arguments, citations, and evidence supporting the objection (including copies of any documents relied on); (c) a statement that the objector is a Settlement Class Member; (d) the date(s) on which the objector received the facsimile advertisement(s) from Gil Kerkbashian; (e) the fax number(s) at which the objector received the facsimile advertisement(s) from Gil Kerkbashian; (f) the objector's physical signature; and (g) a statement indicating whether the objector intends to appear at the Fairness Hearing with or without counsel.

- Any written objection must be postmarked on or before November 28, 2017 in order to be considered by the Court at the Fairness Hearing.

- Any Settlement Class Member who fails to object in the manner prescribed herein, or who has failed to properly submit their objection on time, shall be deemed to have waived their objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

4. Based upon the nature of the claims alleged in the Litigation, as well as the defenses raised by Defendants in response thereto, counsel for Plaintiff and the Settlement Class believe that the Agreement is fair and reasonable, would be in the best interest of the Settlement Class, and should be approved by the Court. At a 100% claim-in rate, each Settlement Class Member would get the gross amount of $250 for each facsimile they received.

5. The Parties submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which Settlement Class Members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

6. <u>Schedule for Settlement Class Notice and Opt Outs</u>: The Parties request that the Court set the following schedule for the proposed Agreement:

    a. A Settlement Website shall be established, and Class Notice (in the form of the Facsimile Notice attached as Exhibit B-1 to Appendix 1 and the Postcard Notice attached as Exhibit B-2 to Appendix 1) is to be sent within thirty (30) days of entry of the Preliminary Approval Order;

    b. Settlement Class Members shall have until December 5, 2017 to request to be excluded from the proposed settlement or to object to the proposed settlement; and until December 20, 2017 to complete and postmark a claim form;

    c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Settlement Class will be held before this Court on January 18, 2018, or a different date at least ninety (90) days from the notification provided under the Class Action Fairness Act.

7. In the event that there is any conflict between any provision of this Motion and the Agreement between the Parties, the Parties intend for the Agreement to control, subject to Court approval.

8. If the Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

**Preliminary Approval of the Settlement is Appropriate**

9. "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Indeed, "[i]t is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement. In the class action

context in particular, there is an overriding public interest in favor of settlement." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 312–13 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) (internal quotations omitted). Evaluations of fairness, reasonableness, and adequacy require that the facts be viewed in a light most favorable to the settlement. *Isby*, 75 F.3d at 1199.

10. Courts employ the following two-step process to review proposed class action settlements:

> The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing. Class members are notified of the proposed settlement and of the fairness hearing at which they and all interested parties have an opportunity to be heard.

*Armstrong*, 616 F.2d at 314 (citations omitted).

11. When determining whether a settlement is within the range of possible approval, courts look to: (1) the strength of plaintiff's case compared to the amount of the defendants' settlement offer; (2) the likely complexity, length, and expense of the litigation; (3) the amount of opposition to the settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed at the time of the settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). Analysis of these factors supports that the Settlement is well within the required range of possible approval.

12. The "most important factor relevant to the fairness of a class action settlement" is the "strength of plaintiff's case on the merits balanced with the amount offered in the settlement." *Synfuel Techs., Inc.,* 463 F.3d at 653. "Because the essence of settlement is

compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT & T Mobility Wireless Data Servs. Sales Litig.,* 270 F.R.D. 330, 347 (N.D. Ill. 2010) (citation omitted). Plaintiff believes that its claims have merit, but it also recognizes the risks involved in continuing the Litigation. Each Defendant has denied liability, and Defendants have maintained that the Settlement Class does not meet the standard for certification. Additionally, the Inland Bank Defendants argue that Gil Kerkbashian acted outside the scope of his employment and violated company policy, and Gil Kerkbashian argues that Plaintiff gave prior express permission to receive the faxes. Class Counsel disagree with Defendants' arguments, but they are also mindful of the inherent risks of litigating their claims through class certification, summary judgment, trial, and potential appeals, and of achieving a result better than offered by the Agreement here. A comparison of the strengths of Plaintiff's claims with the $2,455,500.00 Settlement Fund offered by the Agreement supports preliminary approval of the Settlement.

13. Prosecuting Plaintiff's claims against Defendants through trial and appeal would be lengthy and complex, and impose significant costs on all parties. *See, e.g.*, *In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 174 (S.D.N.Y. 2000) (recognizing that "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them"). Continued proceedings would likely include substantial motion practice (including summary judgment), determination of class certification, trial, and appeal. The Agreement, by contrast, delivers a real and substantial remedy to the Settlement Class without the risk or delay inherent in prosecuting Plaintiff's claims against Defendants through summary judgment, trial, and appeal. Thus, this factor favors preliminary approval of the Settlement. *See Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir.

1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *In re Sunrise Sec. Litig.*, 131 F.R.D. 450, 455 (E.D. Pa. 1990) (approving a class action settlement because, in part, the settlement "will alleviate . . . the extraordinary complexity, expense and likely duration of this litigation").

14. Courts consider the opinions of experienced counsel when determining whether a settlement is fair, reasonable, and adequate. *Isby*, 75 F.3d at 1200. Class Counsel has extensive experience litigating complex class actions and has achieved settlements that have been approved by many courts. *See* Appendix 2 (resume of Class Counsel). Class Counsel believes the Settlement to be excellent, readily satisfying the standard of being within the range of possible approval. This factor weighs in favor of preliminary approval of the Settlement.

15. The Litigation has been vigorously litigated by Plaintiff and Defendants. For example, Plaintiff filed a Complaint, Amended Complaint, and two Motions for Class Certification; each Defendant answered the operative complaint; and the Parties have engaged in extensive formal and informal fact discovery, in which they issued and answered interrogatories and exchanged and reviewed numerous documents. As set forth above, counsel for all Parties also engaged in a successful mediation overseen by retired U.S. Magistrate Judge and JAMS mediator, Morton Denlow. Class Counsel was well informed of the important facts and relevant issues when negotiating the Settlement. This factor favors preliminary approval of the Settlement.

WHEREFORE, Plaintiff iMove Chicago, Inc. respectfully request that the Court enter an order in the form of Exhibit A to the Agreement, which (a) preliminarily approves this Agreement; (b) approves Exhibits B-1, B-2, and B-3 to the Agreement as notice to the

Settlement Class to be disseminated to Settlement Class Members; and (c) schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

        Plaintiff iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

By:   s/Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr.
      *tom@attorneyzim.com*
      Nickolas J. Hagman
      *nick@attorneyzim.com*
      Maebetty Kirby
      *maebetty@attorneyzim.com*
      ZIMMERMAN LAW OFFICES, P.C.
      77 West Washington Street, Suite 1220
      Chicago, Illinois 60602
      (312) 440-0020 telephone
      (312) 440-4180 facsimile
      www.attorneyzim.com

Counsel for Plaintiff and the Class