## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | No. 16-cv-10106 |
| v. | ) ) | Judge Andrea R. Wood |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST and GIL KERKBASHIAN, | ) ) ) ) | |
| Defendants. | ) | |

### SETTLEMENT AGREEMENT

Plaintiff iMOVE CHICAGO, INC. ("Plaintiff"), individually and on behalf of the proposed Settlement Class (defined below), and Defendants INLAND BANCORP, INC. ("Inland Bancorp"), INLAND HOME MORTGAGE COMPANY, LLC ("Inland Home Mortgage"), INLAND BANK AND TRUST ("Inland Bank" and, collectively, with Inland Bancorp and Inland Home Mortgage, the "Inland Bank Defendants") and GIL KERKBASHIAN ("Gil Kerkbashian" and, collectively, with the Inland Bank Defendants, the "Defendants"), by and through undersigned counsel, enter into this Settlement Agreement ("Settlement Agreement") to memorialize the agreement of settlement and mutual release of claims pursuant to Rule 23, *Federal Rules of Civil Procedure*. Plaintiff and Defendants are herein referred to collectively as the "Parties."

## I.     RECITALS

WHEREAS:

A.     On September 30, 2016, Plaintiff filed a Class Action Complaint against Inland Bancorp, Inland Home Mortgage, and Inland Bank in the Circuit Court of Cook County, Illinois, Case No. 16 CH 12999, along with a Motion for Class Certification. The matter was

**APPENDIX 1**

subsequently removed to the United States District Court for the Northern District of Illinois, Case No. 16-cv-10106 (N.D. Ill.), pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and 1367. On February 8, 2017, Plaintiff filed a Corrected Amended Class Action Complaint ("Complaint"), in which Gil Kerkbashian was also added as a Defendant, and Plaintiff also filed an Amended Motion for Class Certification. The Complaint asserts claims on behalf of Plaintiff and an Illinois state-wide putative class.

B.      Plaintiff's claims against Defendants set forth in the Complaint (the "Action") allege that Defendants unlawfully sent or caused the unlawful sending of unsolicited advertisements to telephone facsimile machines. Plaintiff brought causes of action against Defendants under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*., and for conversion, in which Plaintiff sought damages, individually, and on behalf of the putative class, for the unsolicited facsimile advertisements.

C.      The Action has been vigorously litigated by Plaintiff and Defendants. For example, Plaintiff filed two Motions for Class Certification; each Defendant answered the operative Complaint; and the Parties have engaged in extensive formal and informal fact discovery, in which they have answered interrogatories and exchanged and reviewed numerous documents.

D.      Counsel for all Parties have meanwhile engaged in discussions and arm's-length negotiations, including a successful mediation overseen by highly-respected, retired United States Magistrate Judge and JAMS mediator, Morton Denlow. The Parties have concluded and agree that the interests of fairness, consistency, and efficiency are best served by a class settlement.

2

E.     Based upon their investigation, Plaintiff and Class Counsel (defined below) have concluded and agree that the terms and conditions detailed in this Settlement Agreement are fair, reasonable, and adequate to Plaintiff and the class asserted in the Action, and accordingly are in their best interests to effectuate. The Parties have thus agreed, subject to Court approval, to settle Plaintiff's claims pursuant to the terms and provisions of this Settlement Agreement, after considering (a) the substantial benefits that Plaintiff and the members of the Settlement Class (defined below) will receive from the settlement of the Action, (b) the risks of continued litigation, and (c) the desirability of permitting the proposed settlement to be consummated as provided under the terms of this Settlement Agreement. The Settlement Agreement shall not be construed as or deemed to be a concession by Plaintiff of any infirmity in the claims asserted in the Action.

F.     Defendants deny any wrongdoing, fault, liability or damage to Plaintiff and any members of the Settlement Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law or breach of duty, deny that they acted improperly in any way, and contend that the Action has no merit. However, given the risk and uncertainty inherent in this and any litigation, especially complex consumer class action litigation, and the difficulties, substantial expense and other burdens necessary to defend the Action through trial, post-trial motions, and appeals, Defendants have decided to enter into this Settlement Agreement in order to settle the Action on the terms and conditions provided herein and to put the Plaintiff's Released Claims (defined below) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability or damage to Plaintiff or the Settlement Class Members. Nothing in this Settlement Agreement, in any of its exhibits or in the Settlement itself shall be construed as, or deemed to be, evidence of an admission or concession on the part of Defendants

3

with respect to any claim or defense, or of any fault, wrongdoing, liability or damage whatsoever, or of any infirmity in the defenses that Defendants have or could have asserted.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Parties, through their counsel, and subject to approval of the Court pursuant to Rule 23(e), *Federal Rules of Civil Procedure*, that Plaintiff's Released Claims (as defined below) and Defendants' Released Claims (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions.

## II.   **DEFINITIONS**

As used in this Settlement Agreement, in addition to terms defined elsewhere, the following terms shall have the meanings set forth below:

"Attorney's Fee and Expense Award" means the amount of attorney's fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

"Authorized Claimants" are Settlement Class Members who timely submit valid Claim Forms and are thus entitled to a share of the Net Settlement Amount.

"Claim Form" means the form for submission of claims approved by the Court substantially in the form of the Facsimile Claim Form (Exhibit C-1) to be attached to the Facsimile Notice, the Tear-Off Claim Form (Exhibit C-2) to be attached to the Postcard Notice, and the Blank Claim Form (Exhibit C-3) to be available on the Settlement Website, all of which are attached hereto.

"Class Counsel" means Thomas A. Zimmerman, Jr., Nickolas J. Hagman, and Maebetty Kirby of the Zimmerman Law Offices, P.C.

"Class Representative" means iMove Chicago, Inc. (*i.e.* the named Plaintiff in the Action).

4

"Court" means the U.S. District Court for the Northern District of Illinois, Hon. Andrea Wood (the court in which the Action is pending).

"Defendants' Counsel" means, collectively, Vedder Price P.C. and Cohon Raizes & Regal LLP.

"Effective Date" means one business day following the later of (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; or (b) if there is any appeal or appeals, the date of dismissal or completion of such appeal(s), in a manner that finally affirms and leaves in place the Final Approval Order without any material modifications.

"Facsimile Advertisements" means the 9,822 facsimile advertisements sent by or on behalf of Defendant Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, which were successfully transmitted to and received by a fax machine.

"Fairness Hearing" or "Final Approval Hearing" means the hearing at which the Parties will request the Court to confirm certification of the Settlement Class, to grant final approval of the Settlement Agreement as fair, reasonable, and adequate, to approve the Attorney's Fee and Expense Award and the Service Award, and to enter the Final Approval Order.

"Final Approval Order" means the final order entered by the Court approving the Settlement Agreement, substantially in the form of Exhibit D attached hereto, on terms mutually satisfactory to the Parties that has become final and non-appealable.

"Net Settlement Amount" means the Settlement Amount less the Attorney's Fee and Expense Award, the Service Award, and the costs of class notice and settlement administration.

"Notice Date" means the date upon which the Settlement Class Notice is first disseminated to the Settlement Class.

"Opt-Out and Objection Deadline" means the deadline for a Settlement Class Member to submit a written objection or a Request for Exclusion that is approximately 45 days after the Notice Date, subject to Court approval. The deadline for submitting a written objection or a Request for Exclusion will be clearly set forth in the Settlement Class Notice and Settlement Website.

"Plaintiff" means iMove Chicago, Inc. (*i.e.* the named Plaintiff in the Action), individually and as the representative of the Settlement Class.

"Plan of Allocation" means the settlement payment and allocation plan for payment of the Net Settlement Amount to Settlement Class Members.

"Preliminary Approval" means the Court's conditional certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the Settlement Class Notice, through an order substantially in the form attached hereto as Exhibit A.

"Request for Exclusion" means the timely written communication by or on behalf of a person in the Settlement Class in which he or she requests to be excluded from the Settlement Class.

"Service Award" means the service award amount, as awarded by the Court, to the Class Representative.

"Settlement" means the terms of this Settlement Agreement.

"Settlement Administrator" means, subject to approval of the Court and any objection by Defendants, the entity selected by Class Counsel to administer the settlement. The Settlement Administrator's address and toll-free telephone number for Settlement Class Members to call for information shall be placed on all forms of Settlement Class Notice and the Settlement Website.

CHICAGO/#3021541

"Settlement Amount" means the amount of two million four hundred fifty-five thousand five hundred dollars ($2,455,500).

"Settlement Class" means all persons and entities who received one or more of the five Facsimile Advertisements sent by Gil Kerkbashian. The Settlement Class does not include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine. Also excluded from the Settlement Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees, Class Counsel and their immediate family members, and the judge to whom this case is assigned and the judge's immediate family.

"Settlement Class Member" means an individual who is a member of the Settlement Class.

"Settlement Class Notice" means a notice of the pendency and proposed settlement of the Action, including a Facsimile Notice, Postcard Notice and Detailed Notice, substantially in the forms attached hereto as Exhibits B-1, B-2 and B-3.

"Settlement Website" means an informational website about the Settlement with an easy to remember domain name to be set up and maintained by the Settlement Administrator, as more fully described in subsection VII.C below.

## III.  CERTIFICATION OF SETTLEMENT CLASS

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only and subject to the approval of the Court, the Parties stipulate to certification

CHICAGO/#3021541

of the Settlement Class defined above and to the appointment of Plaintiff as Class Representative for the Settlement Class. Should the Court not enter the Final Approval Order or the Effective Date not occur, the certification of the Settlement Class shall be void, the Settlement Class shall be automatically decertified, and this Settlement Agreement shall not constitute, be construed as, or be admissible as evidence of, an admission by any Party, or be used for any purpose whatsoever in the Action or any other actions. If the Settlement Agreement is not approved or is terminated for any reason, all rights and positions of the Parties existing prior to the execution of this Settlement Agreement with respect to class certification shall be preserved.

## IV.   **RELEASES**

A.   <u>Plaintiff's Released Claims</u>. Upon the Effective Date and in consideration of Defendants' payment of the Settlement Amount, Plaintiff and all Settlement Class Members shall release and forever discharge any and all direct, individual, or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation that were or could have been asserted against Defendants and their present and former affiliates, agents, officers, directors, employees, insurers, attorneys, parents, subsidiaries, predecessors, successors and assigns, by Plaintiff or any other Settlement Class Members in the Action arising out of or relating to the conduct of the sending of the Facsimile Advertisements, including claims for violation of the TCPA, ICFA, for conversion, and all other claims alleged or which could have been alleged in the Complaint. ***Plaintiff's Released Claims do not, however, include any claims relating to the substance of the Facsimile Advertisements, and any other claims not arising out of or relating to the conduct of the sending of the Facsimile Advertisements at issue. The 1,301 persons and entities to whom Gil Kerkbashian attempted***

*to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine, are not included in the Settlement Class and do not release any claims against Defendants.*

B. <u>Defendants' Released Claims</u>. Upon the Effective Date, and in consideration of the representations and promises in this Settlement Agreement (the adequacy of which is hereby acknowledged), Defendants and Defendants' Counsel shall release and forever discharge all claims, rights or causes of action, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, or common law, rule or regulation, against Plaintiff, any of the Settlement Class Members, or Class Counsel, including their respective spouses, children, heirs, associates, co-owners, agents, administrators, executors, devisees, predecessors, and representatives, that arise out of or are in any way related to the prosecution of the Action.

## V.    <u>PRELIMINARY APPROVAL</u>

A.    Plaintiff and Class Counsel will use their best efforts to apply to the Court for an order preliminarily approving the terms of the Settlement Agreement on or before September 11, 2017.  The motion for preliminary approval (and all subsequent motions relating to the approval of the Settlement) shall be filed with and determined by the Court and will include a request that the Court:

1.    Certify the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

2.    Appoint Plaintiff as Class Representative of the Settlement Class;

3.    Appoint Class Counsel to represent the Settlement Class;

CHICAGO/#3021541

4.     Preliminarily approve the Settlement Agreement and Plan of Allocation for purposes of disseminating notice to the Settlement Class;

5.     Approve the form and contents of the Settlement Class Notice and the method of its dissemination to Settlement Class Members;

6.     Schedule a Fairness Hearing to (a) review and rule upon any objections to the Settlement, (b) consider the fairness, reasonableness, and adequacy of the Settlement, (c) consider whether the Court should issue the Final Approval Order approving the Settlement and granting Class Counsel's application for an Attorney's Fee and Expense Award and Service Award and dismissing the Action with prejudice, and (d) consider such other matters as the Court may deem appropriate.

The proposed Preliminary Approval Order, attached as Exhibit A, will be submitted with Plaintiff's motion seeking preliminary approval.

B.     Within 7 days after entry of the Preliminary Approval Order, $100,000 of the Settlement Amount shall be paid by or at the direction of the Defendants to the Settlement Administrator in accordance with instructions to be provided by the Settlement Administrator. This money shall be used to pay notice and administrative expenses incurred by the Settlement Administrator. If this Agreement is terminated pursuant to Section XII, below, then any unused portion of the $100,000 shall be returned to the Defendants pursuant to the terms of Section XII.

## VI.    **FINAL APPROVAL**

A.     This Settlement Agreement is subject to and conditioned upon the Court's granting of Final Approval Order following the Fairness Hearing in substantially the form attached as Exhibit D.

CHICAGO/#3021541

B.  Within 7 days after the Effective Date, the $2,355,500 balance of the Settlement Amount shall be paid by or at the direction of the Defendants to the Settlement Administrator in accordance with instructions to be provided by the Settlement Administrator.

C.  Upon the Effective Date, Plaintiff and Defendants will stipulate to the dismissal of the Action with prejudice, all parties to bear their own costs, expenses, and fees except as provided under this Settlement Agreement.

## VII.  SETTLEMENT CLASS NOTICE

A.  Class List.  Lists of Settlement Class Members have been produced by Gil Kerkbashian and Openfax, a third party.  These class lists contain various information, which may include the names, addresses, facsimile numbers and/or telephone numbers of the Settlement Class Members, with the content of the information varying depending on the list. The Settlement Administrator shall use its best efforts to take the information contained in the class lists and obtain missing information, including names and mailing addresses, for Settlement Class Members.

B.  Direct Notice.  No later than 30 days after Preliminary Approval, the Settlement Class Notice shall be disseminated as follows.

1.  Facsimile. The Settlement Administrator shall attempt to transmit via facsimile the Facsimile Notice (Exhibit B-1) and Facsimile Claim Form (Exhibit C-1) to all Settlement Class Members. The Facsimile Claim Form will require Settlement Class Members to provide and/or confirm their name, mailing address, and facsimile number, in order for the Settlement Administrator to mail the claimants their portion of the monetary relief.

CHICAGO/#3021541

2.     U.S. Mail. The Settlement Administrator shall mail the Postcard Notice (Exhibit B-2) with a Tear-Off Claim Form (Exhibit C-2) to all Settlement Class Members for whom the Settlement Administrator is able to obtain a mailing address. The Tear-Off Claim Form will require Settlement Class Members to confirm their name, mailing address, and facsimile number, or provide their correct name, mailing address, and facsimile number if the information on the Postcard Notice is incorrect. If any such correspondence is returned by the Post Office, the Settlement Administrator shall either forward the Postcard Notice to the forwarding address provided, or use reasonable efforts to identify an updated mailing address and then send the Postcard Notice to that updated address.

C.     Settlement Website. At the time the Settlement Class Notice is first disseminated, and no later than 30 days after Preliminary Approval of this Settlement Agreement, including approval of the form and content of the Settlement Class Notice, the Settlement Administrator shall cause the Settlement Website to be activated on the Internet. The Settlement Website shall include the Settlement Administrator's toll-free telephone number for Settlement Class Members to call for information; links to the Detailed Notice (Exhibit B-3); relevant case documents in connection with the Settlement Agreement; a downloadable Blank Claim Form (Exhibit C-3), and fillable copy of the Blank Claim Form that can be submitted electronically; and such other documents and information as may be agreed on by the Parties or ordered by the Court.

## VIII.   SETTLEMENT PAYMENT AND PLAN OF ALLOCATION

A.     Claim Forms. Settlement Class Members will be required to submit a Facsimile Claim Form, in the form of Exhibit C-1 attached hereto, or in the form of the Tear-Off Claim

Form (Exhibit C-2) attached to the Postcard Notice, or in the form of a Blank Claim Form (Exhibit C-3) available on the Settlement Website, subject to Court approval, in order to receive payments from the Net Settlement Amount. Each Settlement Class Member who submits a timely, valid Claim Form and is thus an Authorized Claimant will be paid an amount from the Net Settlement Amount calculated in accordance with subsection VIII.C. Settlement Class Members must submit a completed Claim Form by a deadline that is approximately 70 days after the Notice Date, subject to Court approval. The deadline for submitting a completed Claim Form will be clearly set forth in the Settlement Class Notice, Claim Forms, and Settlement Website.

B.      Payment without Submission of Claim Forms. Some Settlement Class Members may be identifiable such that the Settlement Administrator may be able to directly send them a check for their portion of the monetary relief without requiring these Settlement Class Members to confirm their name and mailing address or to submit a Claim Form. The decision whether to require these identifiable Settlement Class Members, if any, to submit a Claim Form before they are mailed a check shall be subject to final determination by the Settlement Administrator.

C.      Payments to Settlement Class Members.

The Plan of Allocation of payments to Settlement Class Members is as follows:

1.      Each Settlement Class Member will be entitled to a monetary payment of $250 from the Net Settlement Amount for each Facsimile Advertisement they received, subject to any adjustment pursuant to subsection VIII.C.2.

2.      The Settlement Administrator shall adjust the amounts of the above-specified settlement payments by increasing or decreasing them *pro rata* to the extent necessary to pay Settlement Class Members who have

submitted timely and valid Claim Forms their *pro rata* shares of the Net Settlement Amount and to fully allocate and pay the Net Settlement Amount so that no money reverts back to Defendants.

Payment in accordance with this Settlement Agreement shall be deemed final and conclusive against all Settlement Class Members. Any Settlement Class Member who fails to submit a timely and valid Claim Form or whose claim is otherwise not approved by the Settlement Administrator shall be barred from participating in distributions from the Net Settlement Amount, but otherwise shall be bound by all of the terms of this Settlement Agreement, including the Final Approval Order and the release of Plaintiff's Released Claims. All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

D.    <u>Method and Timing of Payments.</u>    Upon Preliminary Approval, the Settlement Administrator shall pay from the Settlement Amount the amounts necessary to pay the costs of Settlement Class Notice, the Settlement Website, and settlement administration. Upon Defendants' full and final payment of the Settlement Amount subsequent to the Effective Date, the Settlement Administrator shall pay the Attorney's Fee and Expense Award to Class Counsel and the Service Award, as approved by the Court, to the Class Representative. The Settlement Administrator shall then pay from the Net Settlement Amount the payments due to Authorized Claimants by mailing the checks for the amounts due to them within 7 days after Defendants' full and final payment of the Settlement Amount subsequent to the Effective Date. The settlement checks shall be void if not cashed within 6 months after the date of issuance. In the event a balance of the Net Settlement Amount remains as a result of Settlement Class Members'

CHICAGO/#3021541

failure to cash checks within the stated expiration period, the Settlement Administrator's inability to locate Settlement Class Members, Settlement Class Members' failure to timely return a valid Claim Form, or for any other reason, said funds shall not revert to Defendants but shall be distributed as a *cy pres* award to the Illinois Bar Foundation—which is a non-profit organization dedicated to ensuring meaningful access to the justice system for those with limited means, and to assisting lawyers who can no longer support themselves due to incapacity—subject to Court approval.

      E.    <u>Reporting</u>.  No later than 21 days after the deadline for Settlement Class Members to submit a Claim Form, the Settlement Administrator shall provide a declaration to Class Counsel and Defendants' Counsel attesting to the number of Claim Forms received and the claimant and payment information for all claims to be paid and disallowed.

      F.    <u>Accounting</u>.  Class Counsel shall file a final accounting with the Court no later than 2 months after the date on which the settlement checks are void, setting forth a summary of the payments from the Settlement Amount to the Settlement Administrator (for class notice and settlement administration), Class Counsel (for fees, costs and expenses), the Class Representative (for the Service Award), and the Settlement Class Members.

## IX.    <u>ATTORNEY'S FEES, COSTS AND EXPENSES</u>

      Class Counsel will make an application to the Court for payment from the Settlement Amount of attorney's fees of up to one-third (1/3) of the Settlement Amount plus the costs and expenses that Class Counsel has incurred in the prosecution of the Action.  Said application shall be filed at least 14 days prior to the Opt-Out and Objection Deadline, and Defendants will not object to said application.  The amount of fees, costs and expenses awarded by the Court shall be deducted from the Settlement Amount and paid by the Settlement Administrator as awarded by

the Court. Class Counsel's support of the Settlement Agreement as fair and reasonable is not conditioned upon the Court's award of the requested fees and expenses.

## X.     SERVICE AWARD

Class Counsel will make an application to the Court for a Service Award to Plaintiff in consideration for its having undertaken the Action, assisted in the prosecution and otherwise serving as Class Representative. Said application shall be filed at least 14 days prior to the Opt-Out and Objection Deadline, and Defendants will not object to said application. In consideration of the contributions of the Class Representative, the amount to be requested will be an amount up to and no greater than $5,000.

Plaintiff's support for the Settlement Agreement as fair and reasonable is not conditioned upon the Court's award of the requested Service Award.

## XI.     OPT-OUTS AND OBJECTIONS

A.     Right to Exclusion.  Any Settlement Class Member may submit a Request for Exclusion from the Settlement Class postmarked on or before the Opt-Out and Objection Deadline. In order to exercise the right to be excluded, a Settlement Class Member must timely send a written Request for Exclusion to the Settlement Administrator providing: their name and address; their physical signature; the name and number of the Action; and a statement that they wish to be excluded from the Settlement Class. Any person who elects to opt out of the Settlement Class shall: (a) not be bound by any orders or Final Approval Order entered in this Action, (b) not be entitled to relief under this Settlement Agreement, (c) not gain any rights by virtue of this Settlement Agreement, and (d) not be entitled to object to any aspect of this Settlement Agreement.  No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

B.      <u>Right to Object.</u>  Any Settlement Class Member who does not opt out of the Settlement Class may object to the Settlement or any portion of the Settlement Agreement in writing, in person, or through counsel at the Fairness Hearing, at their own expense. The Settlement Class Notice shall specify that any objection to the Settlement, and any papers submitted in support of said objection, shall be considered by the Court at the Fairness Hearing only if, on or before the Opt-Out and Objection Deadline approved by the Court and specified in the Settlement Class Notice, the person making the objection files notice of an intention to do so and at the same time (a) files copies of any papers they propose to be submitted at the Fairness Hearing with the Clerk of the Court, and (b) either (i) files the objection through the Court's ECF system if the objection is from a Settlement Class Member represented by counsel, or (ii) sends copies of such papers by mail, hand, or overnight delivery service to the following:

> For Plaintiffs:
> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices, P.C.
> 77 W. Washington St., Suite 1220
> Chicago, IL 60602
>
> For the Inland Bank Defendants:
> Thomas P. Cimino, Jr.
> Vedder Price P.C.
> 222 North LaSalle Street, Suite 2600
> Chicago, IL 60601
>
> For Kerkbashian:
> Cornelius P. Brown
> Cohon Raizes & Regal LLP
> 208 S. LaSalle St., Suite 1440
> Chicago, IL 60604

Any Settlement Class Member who intends to object to this Settlement must include in the written objection: (a) their name and address; (b) their arguments, citations, and evidence supporting the objection (including copies of any documents relied on); (c) a statement that they

are a Settlement Class Member; (d) the date(s) on which they received the Facsimile Advertisements from Gil Kerkbashian; (e) the fax number(s) at which they received the Facsimile Advertisements from Gil Kerkbashian; (f) their physical signature; and (g) a statement indicating whether they intend to appear at the Fairness Hearing with or without counsel. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived their objections and be forever barred from making any such objections in the Action or in any other action or proceeding. While the statement described above in this paragraph is *prima facie* evidence that the objector is a member of the Settlement Class, subject to verification based on the Parties' records, in the event of inaccuracies or inconsistencies in the statement, any of the Parties may take limited discovery regarding the matter, subject to Court approval.

C.    <u>Reporting</u>.  No later than 14 days after the Opt-Out and Objection Deadline, the Settlement Administrator shall provide a declaration to Class Counsel and Defendants' Counsel attesting to the measures taken to provide the Settlement Class Notice to the Settlement Class Members and the number of requests for exclusion, if any.

## XII.    <u>TERMINATION AND PRESERVATION OF RIGHTS</u>

The Settlement Agreement is admissible in the Court solely for the purposes of effectuating and enforcing this Settlement. If the Settlement Agreement does not receive the Preliminarily Approval of the Court or the Final Approval Order is not entered, any and all rights of the Parties existing prior to the execution of this Settlement Agreement, including but not limited to Plaintiff's right to seek and Defendants' right to oppose certification of a class in the Action, shall be preserved, and the Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the

Settlement Agreement or the Parties' prior Memorandum of Understanding (executed July 31, 2017) (the "Memorandum of Understanding") shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Amount transferred to the Settlement Administrator shall be returned to Defendants, less notice and administrative expenses incurred by the Settlement Administrator (as to which Defendants shall have no right of reimbursement from any person, including the Settlement Administrator, Plaintiff, or Class Counsel). If the portion of the Settlement Amount transferred to the Settlement Administrator is not sufficient to pay all of the notice and administrative expenses incurred by the Settlement Administrator, Defendants shall separately pay to the Settlement Administrator any additional amounts owing at the time of termination.

## XIII.  MISCELLANEOUS PROVISIONS

A.  <u>Exhibits</u>.  The exhibits to this Settlement Agreement are integral parts of the Parties' agreement and are incorporated by reference as if set forth herein.

B.  <u>Governing Law and Forum</u>.  The Settlement Agreement and all documents necessary to effectuate it shall be governed by the laws of the State of Illinois, without giving effect to choice-of-law principles, and by the *Federal Rules of Civil Procedure*.  The Court shall retain jurisdiction over the implementation and enforcement of the terms of the Settlement Agreement, and the Parties submit to the jurisdiction of the Court for those purposes.

C.  <u>Good Faith and Arm's Length Negotiations</u>. The Final Approval Order will contain a statement that throughout the course of the Action the Parties and their counsel at all times complied with the requirements of Rule 11, *Federal Rules of Civil Procedure*.  The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's

CHICAGO/#3021541

length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

D.     <u>Cooperation.</u>   Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court entry of the orders granting Preliminary Approval and Final Approval of the Settlement Agreement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Preliminary Approval of the Settlement Agreement and the Court's entry of the Final Approval Order.

E.     <u>Authorization to Sign.</u> The persons executing this Settlement Agreement represent that they have been duly authorized to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement in order to effectuate its terms.

F.     <u>Confidentiality.</u> The Parties shall maintain the strict confidentiality of the terms of the Settlement and Settlement Agreement prior to its filing with the Court.

G.     <u>Plaintiff's Counsel's Representation</u>.   Plaintiff's counsel represent and warrant that they do not currently represent any of the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but were not actually received by them, relative to the sending of those faxes, and that they will not actively solicit any of these persons or entities relative to the sending of those faxes.

H.     <u>Complete Agreement</u>. This Settlement Agreement with the exhibits hereto constitutes the entire agreement of the Parties with respect to their subject matter and supersedes any prior agreement, whether written or oral, as to that subject matter, including the Parties' Memorandum of Understanding.   No representations or inducements have been made by any

CHICAGO/#3021541

Party hereto concerning the Settlement Agreement other than those contained and memorialized herein. The provisions of the Settlement Agreement and its exhibits may not be modified or amended, nor may any of their provisions be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

I.      <u>Headings</u>. The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

J.      <u>No Party Is the Drafter.</u> None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

K.      <u>No Admission.</u> Nothing in this Settlement Agreement shall be construed in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, as an admission by Defendants that any Defendant has engaged in any conduct or practices that violate any rule or law.

L.      <u>No Waiver.</u> The waiver by any Party of a breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of this Settlement Agreement.

M.      <u>Execution in Counterparts.</u> This Settlement Agreement may be executed in one or more counterparts, each of which when so executed shall constitute an original, but all of which together shall constitute the same instrument. Fax and PDF copies of signatures shall be treated as originals for all purposes.

CHICAGO/#3021541

N.    <u>Recitals.</u> The Recitals are hereby incorporated into and made a part of this Settlement Agreement.

*[Signatures on the Following Page]*

CHICAGO/#3021541

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have agreed to the Settlement Agreement as of September _15_, 2017.

_____
Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington St., Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020

*Attorney for Plaintiff iMove Chicago, Inc.*


_____
Thomas P. Cimino, Jr.
Brian W. Ledebuhr
VEDDER PRICE P.C.
222 North LaSalle St., Suite 2600
Chicago, Illinois 60601
Telephone: (312) 609-7845

*Attorneys for Defendants Inland Bancorp, Inc., Inland Home Mortgage Company, LLC, and Inland Bank and Trust*


_____
Cornelius P. Brown
Amy E. Daleo
J. Michael Williams
COHON RAIZES & REGAL LLP
208 S. LaSalle St., #1440
Chicago, Illinois 60604
Telephone: (312) 658-2206

*Attorneys for Defendant Gil Kerkbashian*

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have

agreed to the Settlement Agreement as of September _____, 2017.

Thomas A. Zimmerman, Jr.
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington St., Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020

*Attorney for Plaintiff iMove Chicago, Inc.*

Thomas P. Cimino, Jr.
Brian W. Ledebuhr
VEDDER PRICE P.C.
222 North LaSalle St., Suite 2600
Chicago, Illinois 60601
Telephone: (312) 609-7845

*Attorneys for Defendants Inland Bancorp,*
*Inc., Inland Home Mortgage Company,*
*LLC, and Inland Bank and Trust*

Cornelius P. Brown
Amy E. Daleo
J. Michael Williams
COHON RAIZES & REGAL LLP
208 S. LaSalle St., #1440
Chicago, Illinois 60604
Telephone: (312) 658-2206

*Attorneys for Defendant Gil Kerkbashian*

23

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) | No. 16-cv-10106 |
| v. | ) ) | Judge Andrea R. Wood |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN, | ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

The matter before the Court is the motion of Plaintiff iMove Chicago, Inc. ("Plaintiff") for preliminary approval of a proposed class action settlement with Defendants Inland Bancorp, Inc., Inland Home Mortgage Company, LLC, Inland Bank and Trust, and Gil Kerkbashian (collectively, "Defendants") on behalf of all persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016. The proposed Settlement would resolve all of the claims asserted by Plaintiff and members of the proposed Settlement Class in this action against Defendants (the "Action").

Plaintiff and Defendants (collectively, the "Parties"), through their respective counsel, have executed and filed with this Court a Settlement Agreement that resolves this action and all claims alleged therein. The Court, having reviewed the Settlement Agreement, including the exhibits thereto, and considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, finds that the terms of the proposed Settlement are fair, reasonable and adequate to Plaintiff and the Settlement Class and that the interests of fairness,

consistency, and efficiency are well served by a single class settlement. The Court therefore hereby GRANTS the motion and ORDERS as follows.

1.      Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2.      For purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the Fairness Hearing, the Court conditionally certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3): all persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016.  The Settlement Class does not include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes  on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to or received by a fax machine.  Also excluded from the Settlement Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees, Class Counsel and their immediate family members, and the Court  and the Court's immediate family.

3.      With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in this action would be impracticable, as the Settlement Class comprises thousands of members; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether Defendants engaged in a pattern of sending unsolicited fax

2

advertisements to Plaintiff and Settlement Class members, and whether Defendants' transmission of the unsolicited fax messages violated the TCPA; (iii) the claims of the representative Plaintiff are typical of the claims of the Settlement Class, and Plaintiff does not have any conflicts of interest with the other members of the Settlement Class; (iv) Plaintiff and Plaintiff's Counsel can fairly and adequately represent and protect the interests of the Settlement Class members, as shown by their investigation and services performed to date; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action as it relates to the proposed Settlement.

4. The Settlement, on the terms and conditions set forth in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Settlement resulted from arm's-length negotiations conducted in good faith by the Parties in a mediation before a competent and well-respected mediator, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

5. The Court provisionally finds that the named Plaintiff, iMove Chicago, Inc., is able to fairly and adequately represent the Settlement Class and appoints Plaintiff as the Class Representative for the Settlement Class. Plaintiff received one or more of the facsimile advertisements that are at issue in the Action.

3

6.     The Court appoints Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. as Lead Class Counsel for the Settlement Class ("Lead Class Counsel"), finding that Mr. Zimmerman and the other attorneys at Zimmerman Law Offices, P.C. are able to fairly and adequately represent the Settlement Class.

7.     The Court preliminarily approves the Plan of Allocation of the Net Settlement Amount to Settlement Class Members.

8.     The Court orders Defendants to pay one hundred thousand dollars ($100,000.00) of the agreed Settlement Amount to the Settlement Administrator within seven (7) days after entry of this Order, pursuant to the terms set forth in the Settlement Agreement.

9.     The Court approves the notice plan set forth in the Settlement Agreement, as well as the Facsimile Notice, Postcard Notice and Detailed Notice attached as Exhibits B-1, B-2 and B-3 thereto. The Court finds that the Settlement Class Notice provides a sufficiently clear and concise description of the action, the Settlement terms, and the rights and responsibilities of the Settlement Class Members, and that the dissemination of the Settlement Class Notice through facsimile, U.S. Mail, and posting on the Settlement Website as set forth in the Settlement Agreement is the best means practicable, and is reasonably calculated, to apprise the Settlement Class Members of the litigation and their right to participate in, object to, or exclude themselves from the Settlement.  Accordingly, the Parties and their counsel are directed to disseminate the Settlement Class Notice pursuant to the terms of the Settlement Agreement.

10.     The Court approves the Facsimile Claim Form, Tear-Off Claim Form, and Blank Claim Form attached to the Settlement Agreement as Exhibits C-1, C-2 and C-3.

11.     The Court approves and appoints Dahl Administration as the Settlement Administrator, and directs them to perform the duties set forth in the Settlement Agreement. As

4

set forth in the Settlement Agreement, all costs and expenses incurred by the Settlement Administrator in connection with disseminating the notice and administering the Settlement shall be paid from the Settlement Amount.

12. The Court will conduct a Fairness Hearing, at which time it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on January 18, 2018 commencing at ____ AM/PM.

13. Plaintiff's Counsel shall file its motion for an Award of Attorney's Fees and Expenses and for a Service Award to the Plaintiff as Class Representative no later than fourteen (14) days prior to the deadline for submission of Requests for Exclusion and Objections. The Court will rule upon the motion at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid only from the Settlement Amount.

14. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement, the proposed Attorney's Fee and Expenses Award, and/or the proposed Service Award, must deliver to Defendants' Counsel and to Lead Class Counsel, and file with the Court, a written statement of the objections, as well as the specific reasons for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence or other information the Settlement Class Member believes supports the objections. Any Settlement Class Member who objects must set forth their full name and current address, include a statement that they are a Settlement Class Member, state the date(s) on which they received the facsimile advertisement(s) from Gil Kerkbashian, provide the facsimile number(s) at which they received the facsimile advertisement(s) from Gil Kerkbashian, state whether they intend to appear at the Fairness Hearing with or without counsel, and personally sign the objection. If the Class Member is

represented by counsel, the objection shall be filed through the Court's ECF system; otherwise, the objection shall be filed and served by mail, hand, or overnight delivery service. All objections must be filed with the Court and delivered to Defendants' Counsel and Lead Class Counsel not later than November 28, 2017. Objections must be delivered to Defendant's Counsel and Lead Class Counsel at the addresses listed below:

Court:

Clerk of the Court
U.S. District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Lead Class Counsel:

Thomas A. Zimmerman, Jr.
Zimmerman Law Office, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602

Inland Bank Defendants' Counsel:

Thomas P. Cimino, Jr.
Vedder Price P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601

Kerkbasian's Counsel:

Cornelius P. Brown
Cohon Raizes & Regal LLP
208 S. LaSalle St., Suite 1440
Chicago, IL 60604

No person will be entitled to be heard at the Fairness Hearing, and no written objections will be received or considered by this Court at the Fairness Hearing, unless all pertinent terms and conditions set forth above and in the Settlement Class Notice have been fully met. If an objection is overruled, the objecting Settlement Class Member will be bound by the terms of the

CHICAGO/#3031923

Settlement and may not exclude him/herself later. Any person who elects to opt out of the Settlement Class shall not be bound by any orders, including, but not limited to, any final order approving the Settlement, entered in this Action, not be entitled to relief under the Settlement Agreement, not gain any rights by virtue of the Settlement Agreement, and not be entitled to object to any aspect of the Settlement Agreement. No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

15. Any Settlement Class Member who wishes to be excluded from the Settlement must fully comply with all pertinent terms and conditions set forth in the Settlement Class Notice. All Requests for Exclusion must be postmarked no later than November 28, 2017. Settlement Class Members who submit a timely and valid Request for Exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the Net Settlement Amount, and will not be bound by the Settlement Agreement. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by all terms of the Settlement Agreement and any final order approving the Settlement.

16. No later than 14 days after the deadline for submission of Requests for Exclusions and Objections, the Settlement Administrator shall provide a declaration to Lead Class Counsel and Defendants' counsel attesting to the measures taken to provide the Class Notice to the Settlement Class Members and the number of requests for exclusion, if any. No later than 21 days after the deadline for Settlement Class Members to submit a Claim Form, the Settlement Administrator shall provide a declaration to Lead Class Counsel and Defendants' counsel attesting to the number of Claim Forms received and the claimant and payment information for all claims to be paid and disallowed.

CHICAGO/#3031923

17.     In the event this Court does not finally approve the Settlement Agreement, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Plaintiff's right to seek and Defendants' right to oppose certification of one or more Plaintiff classes in the Action, shall be preserved, and the Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement or the Parties' prior Memorandum of Understanding, as defined in the Settlement Agreement, shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Amount transferred to the Settlement Administrator shall be returned to Defendants, less notice and administrative expenses actually incurred by the Settlement Administrator (as to which Defendants shall have no right of reimbursement from any person, including the Settlement Administrator, Plaintiff, or Plaintiff's Counsel). If the portion of the Settlement Amount transferred to the Settlement Administrator is not sufficient to pay all of the notice and administrative expenses incurred by the Settlement Administrator, Defendants shall separately pay to the Settlement Administrator any additional amounts owing at the time of termination.

18.     For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

19.     The Parties are directed to carry out their obligations under the Settlement Agreement.

<u>**Summary of Applicable Dates**</u>

| 1. | Preliminary Approval Order (PA) signed | September 21, 2017 |
|---|---|---|

8

| 2. | Defendants to pay $100,000.00 of the Settlement Amount to the Settlement Administrator | September 28, 2017 (PA +7) |
|----|---|---|
| 3. | Notice to be sent and published, and Settlement Website to be activated (ND) | October 21, 2017 (PA +30) |
| 4. | Motion for Award of Attorney's Fees and Expenses and for Service Award to be filed | November 21, 2017 (OD -14) |
| 5. | Deadline to Opt Out or Object (OD) | December 5, 2017 (ND +45) |
| 6. | Deadline for Settlement Administrator to Submit Compliance Declaration re. Notice and Opt-Outs | December 19, 2017 (OD +14) |
| 7. | Deadline to submit a Claim Form (CD) | December 20, 2017 (ND +70) |
| 8. | Deadline for Settlement Administrator to Submit Compliance Declaration re. Claims | January 10, 2018 (CD +21) |
| 9. | Fairness Hearing (FH) | January 18, 2018 (PA +125) |

**SO ORDERED.**

Dated: _____          _____

                                         Hon. Andrea R. Wood
                                         United States District Court Judge

9

**Exhibit B-1**

**SUMMARY NOTICE OF CLASS ACTION SETTLEMENT**

**You are entitled to a cash payment from a class action settlement fund because you received one or more facsimile advertisements sent by Gil Kerkbashian between August 16, 2016 and October 5, 2016.**

*A federal district court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

This notice affects you because our records indicate that you received ____ facsimile advertisements from Gil Kerkbashian between August 16, 2016 and October 5, 2016. Pursuant to a proposed class action settlement, and subject to approval of the Court, Inland Bank and Trust, Inland Bancorp, Inc., Inland Home Mortgage Company, LLC, and Gil Kerkbashian have agreed to pay a total of $2,455,500 into a settlement fund for the benefit of those persons and entities who received one or more facsimile advertisements. You must, however, submit a claim form to claim your share of the proposed settlement fund. The Court authorized publication of this notice via facsimile, in addition to email and other written notice you may receive. This is a summary of the Settlement and your legal rights.

**Please visit www._____.com or call 1-800-XXX-XXXX to learn more about the Settlement and to obtain the form you need to submit a claim.**

<u>What is the lawsuit about?</u>
iMove Chicago, Inc. sued Inland Bank and Trust, Inland Bancorp, Inc., Inland Home Mortgage Company, LLC, and Gil Kerkbashian, alleging that Gil Kerkbashian sent unsolicited facsimile advertisements to individuals and businesses on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, in violation of laws that prohibit the sending of unsolicited facsimile advertisements. Each Defendant denies the allegations, denies liability, and asserts numerous defenses. The suit is a class action, meaning that iMove Chicago, Inc. (the "class representative") asked for relief not only for itself, but for all similarly situated individuals and entities. Without admitting liability or fault, Defendants have agreed to pay $2,455,500 to compromise those claims. The parties have entered into a Settlement Agreement which will be presented to the U.S. District Court for the Northern District of Illinois in the action *iMove Chicago, Inc. v. Inland Bancorp, Inc., et. al.*, Case No. 16-cv-10106.

<u>What benefits does the settlement provide?</u>
The settlement funds will be used to pay eligible class members, pay the legal fees incurred by the class representative (up to one-third of the settlement fund) plus expenses, and pay up to $5,000 to the class representative, as awarded by the Court. If the Court approves the settlement, everyone who received one of these unsolicited facsimile advertisements, and submits a timely, valid claim form will receive a share of the settlement amount, estimated at $250 for every fax received. These payment amounts may be adjusted up or down depending on the number of Claim Forms received, so as to fully and fairly allocate and pay out the entire net settlement fund to Class Members who submit Claim Forms. None of the money in the settlement fund will revert back to any Defendant.

<u>How can you get a payment?</u>
Detailed information about the settlement and the claim submission process is posted on the settlement website and can also be obtained by calling the number below. **You must submit a Claim Form on or before December 20, 2017 to get a payment.** You can fill out the personalized Claim Form attached to this Notice, download a blank Claim Form from the settlement website and submit it by mail, or fill out and submit a blank Claim Form online by clicking **www._____.com/ClaimForm**.

<u>What other options do you have?</u>
If you would prefer not to be part of the settlement and not get a payment, you have the right to ask the Court to exclude you. To do so, you must complete and submit a request for exclusion by **December 5, 2017.** If you want to be part of the settlement but object to its terms, you or your attorney can submit written objections and/or appear at the final approval hearing discussed below. To do so, you must complete and submit your objection by **December 5, 2017.** Detailed information on these options is posted on the settlement website.

<u>Final Approval Hearing</u>.

The Court will hold a hearing on **January 18, 2018**, at which time it will consider any objections, decide what fees and expenses to award, and decide whether to approve the Settlement.

**QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW._____.COM.**

**Exhibit B-2**

<u>LEGAL NOTICE</u>

**Because you received one or more facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, or October 5, 2016, you are entitled to a cash payment from a class action settlement.**

A federal district court authorized this notice. This is <u>not</u> a solicitation from a lawyer.

**1-800-___-____**
**www._____.com**

XXX

*iMove Chicago, Inc.v. Inland Bancorp, Inc., et. al*
*Settlement Administrator*
P.O. Box _____
_____, __ _____-____

US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»

A proposed settlement has been reached in a class action lawsuit against Inland Bancorp, Inc., Inland Home Mortgage Company, LLC, and Gil Kerkbashian (also known as the Defendants), alleging that Gil Kerkbashian sent unsolicited facsimile messages to individuals and businesses on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, in violation of laws that prohibit the sending of unsolicited facsimile advertisements. Each Defendant denies these allegations, denies liability, and asserts numerous defenses. The Court has not decided who is right.

**Who is included?** Our records show that you are included in the settlement as a "Class Member". Class Members include everyone who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016.

**What does the Settlement provide?** Defendants have agreed to pay a total of $2,455,500 into a settlement fund. After deducting the costs of settlement notice, claims administration, and Court-approved attorney's fees, costs, and expenses, and a representative plaintiff service award, Class Members who submit a valid Claim Form will receive a share of the net settlement fund, estimated at $250 for every facsimile that you received. These payment amounts may be adjusted up or down depending on the number of Claim Forms received, so as to fully and fairly allocate and pay out the entire net settlement fund to Class Members who submit Claim Forms. None of the money in the settlement fund will revert back to the Defendants.

**How do I get a payment?** Simply tear-off, complete and mail the attached personalized Claim Form, or you can go to www._____.com and file a claim online or download, print, complete, and mail a blank Claim Form to the Settlement Administrator. Blank Claim Forms are also available by calling 1-___-___-____. Claim Forms must be submitted online or mailed by **December 20, 2017**. If you file a valid claim and do not exclude yourself from the settlement, you will receive your share from the settlement. If you exclude yourself from the settlement, you will not receive your share from the settlement.

**What are my other options?** If you do not want to be legally bound by this settlement, you must exclude yourself by **December 5, 2017**. Unless you exclude yourself from the settlement, you will not be able to sue any of the Defendants for any claim made in this lawsuit or released by the Settlement Agreement. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections are due by **December 5, 2017**. This notice is a summary. For more information, including the Detailed Notice and Settlement Agreement, call 1-___-___-____ or go to www._____.com.

**The Court's Fairness Hearing.** The U.S. District Court for the Northern District of Illinois, located at Everett McKinley Dirksen US Courthouse, 219 S. Dearborn St., Chicago, IL 60604, will hold a hearing in this case (*iMove Chicago, Inc. v. Inland Bancorp, Inc., et. al,* No. 16-cv-10106) on **January 18, 2018**, at _____ a.m. At the fairness hearing the Court will decide whether to approve: (1) the settlement; and (2) Class Counsel's request for attorney's fees of up to one-third of the settlement fund, reimbursement of costs and expenses, and a service award of up to $5,000 to the representative plaintiff. You may appear at the hearing, but you do not have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**Exhibit B-3**

United States District Court, Northern District of Illinois

NOTICE OF CLASS ACTION SETTLEMENT REGARDING UNSOLICITED
FASCIMILE ADVERTISEMENTS

*The Court authorized this notice. This is not a solicitation from a lawyer.*

# IF BETWEEN AUGUST 16, 2016 AND OCTOBER 5, 2016, YOU RECEIVED ONE OR MORE FASCIMILE ADVERTISEMENTS FROM GIL KERKBASHIAN. THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT PERTAINS TO YOU. PLEASE READ IT CAREFULLY. YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT, BUT YOU NEED TO SUBMIT A FORM TO DO SO.

| YOUR LEGAL RIGHTS AND OPTIONS WITH THIS SETTLEMENT: | |
| --- | --- |
| **RECEIVE YOUR SHARE OF THE SETTLEMENT** | If you are a member of the Settlement Class, then you will be eligible for a payment if you submit a properly completed Claim Form by **December 20, 2017**. You will be bound by the Release described in Question 12. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to be part of any other lawsuit against Gil Kerkbashian and the Inland Bank defendants based on the allegations made in this case. The deadline for excluding yourself from the Settlement is **December 5, 2017.** |
| **OBJECT** | Write to the Court about why you don't like the Settlement. The deadline for submitting a written objection to the Settlement is **December 5, 2017.** |
| **GO TO THE FINAL APPROVAL HEARING** | You are not required to attend or speak at the Final Approval Hearing. If you submit a timely and valid written objection to the Settlement, the Court will consider your objection without any further action on your part. But, if you wish, you may request permission to speak at the Final Approval Hearing by following the directions in Question 22. The Final Approval Hearing is presently scheduled for **January 18, 2018.** |

- Defendants INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN (collectively "Defendants") have agreed to pay a total of $2,455,500 in an Illinois statewide settlement of all claims alleged against Defendants in *iMove Chicago, Inc. v. Inland Bancorp, Inc., et. al*, Case No. 16-cv-10106 (USDC ND Illinois) ("the Action"). The proposed settlement ("the Settlement") is a compromise of all claims alleging that unsolicited facsimile advertisements were sent to individuals and businesses. Defendants deny the allegations, deny liability, and assert numerous defenses. The Settlement avoids the costs and risks from continuing the lawsuit, pays money to the individuals and businesses who received the facsimile advertisements, and releases Defendants from further liability.

- The two sides disagree on how much money could have been recovered if individuals and businesses who received the unsolicited facsimile advertisements were to succeed at trial.

- **Your legal rights are affected whether you act or don't act.** Please read this notice carefully.

- Your rights and options – **and the procedures and your deadlines to exercise them** – are explained in more detail below. Please note, however, that this Notice is only a summary of the proposed Settlement. For the complete terms and conditions of the proposed Settlement, you should read the document called the Settlement Agreement, which was filed with the Court and is available from the Settlement Administrator (**Telephone Number**) or the official Settlement website www._____.com.

- The Court in charge of this case still must decide whether to approve the proposed Settlement. Payments will not be made until the Court approves the Settlement and any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| BASIC INFORMATION……………………………………………………….. <br> 1. Why did I get this notice package? <br> 2. What is this lawsuit about? <br> 3. Why is this a class action? <br> 4. Why is there a settlement? | PAGE 4 |
| WHO IS IN THE SETTLEMENT……………………………………………… <br> 5. How do I know if I am part of the Settlement? <br> 6. Are there exceptions to being included? <br> 7. What if I am still not sure if I am included? | PAGE 5 |
| THE SETTLEMENT BENEFITS—WHAT YOU GET……………………………… <br> 8. What does the Settlement provide? <br> 9. How much will my payment be? | PAGE 6 |
| HOW YOU GET A PAYMENT—PARTICIPATING IN THE SETTLEMENT…………………… <br> 10. How can I get payment? <br> 11. When will I get my payment? <br> 12. What am I giving up to get a payment or stay in the Settlement Class? | PAGE 7 |
| EXCLUDING YOURSELF FROM THE SETTLEMENT……………………………… <br> 13. How do I get out of the Settlement? <br> 14. If I don't exclude myself, can I sue these defendants for the same thing later? <br> 15. If I exclude myself, can I get money from this Settlement? | PAGE 8 |
| THE LAWYERS REPRESENTING YOU………………………………………… <br> 16. Do I have a lawyer in the case? <br> 17. How will the lawyers be paid? | PAGE 9 |
| OBJECTING TO THE SETTLEMENT…………………………………………… <br> 18. How do I tell the Court that I don't like the Settlement? | PAGE 9 |

| | |
|---|---|
| 19. What's the difference between objecting and excluding? | |
| **THE COURT'S FINAL APPROVAL HEARING** ………………………………….. <br> 20. When and where will the Court decide whether to approve the Settlement? <br> 21. Do I have to come to the hearing? <br> 22. Can I speak at the hearing? | **PAGE 10** |
| **IF YOU DO NOTHING**…………………………………………………………….. <br> 23. What happens if I do nothing at all? | **PAGE 11** |
| **GETTING MORE INFORMATION**………………………………………………… <br> 24. Are there more details about the Settlement? <br> 25. How do I get more information? | **PAGE 11** |

## BASIC INFORMATION

**1.  Why did I get this notice?**

You received this notice because our records show that you or someone with your facsimile number received one or more facsimile advertisements from Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and/or October 5, 2016.  As such, you are a Class Member and are elgible to receive monetary compensation from the Settlement Fund.

The Court required that this notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all your legal options, before the Court decides whether to approve the Settlement. The Court has preliminarily approved the Settlement. If the Court gives the Settlement its final approval, and after any objections and appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the Settlement allows.  Please check the Settlement Website for updates on the status of the Settlement. This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the settlement approval process is the U.S. District Court for the Northern District of Illinois, Hon. Andrea R. Wood (the court in which the Action is pending).  iMove Chicago, Inc., who sued Defendants in the Action, is called the Plaintiff.

**2.  What is the lawsuit about?**

Plaintiff brought the Action on behalf of everyone who received one or more unsolicited facsimile advertisements from Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016.  Plaintiff alleges that Defendants sent the facsimile advertisements in violation of various laws that prohibit unsolicited faxes.  Defendants deny the allegations, deny liability, and assert numerous defenses.

**3.  Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case, iMove Chicago, Inc.) sue on behalf of people who have similar claims.  The Class Representative seeks to have a single court resolve the issues for all members of the class, except for those who wish to exclude themselves from the class.

**4.  Why is there a Settlement?**

The Court did not decide in favor of either Plaintiff or Defendants.  The proposed Settlement is a compromise of disputed claims. Rather than continuing to argue in court, both sides agreed to participate in mediation before a highly experienced and respected mediator, and through those efforts, the Parties were able to agree to the Settlement.

4

Before entering into the mediation with Defendants, the lawyers for the Plaintiff in the Action ("Class Counsel") conducted an extensive investigation of the facts, including formal and informal discovery, reviewing numerous documents produced by Defendants, and reviewing numerous interrogatories answered by Defendants. After conducting their extensive investigation of the facts, Class Counsel analyzed the significant risks associated with the continued litigation of this Action, including risks relating to: (a) prevailing on class certification; (b) overcoming Defendants' defenses; and (c) calculating class-wide damages. Based on all these considerations, Class Counsel and the Class Representative think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first must determine if you are a Settlement Class Member.

**5. How do I know if I am part of the Settlement?**

The Settlement Class is comprised of "all persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016."

The Settlement Class ***does not*** include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine.

If you received Fascimile Notice or Postcard Notice of this Settlement from the Settlement Administrator, then our records indicate that you (or someone with your facsimile number) received one or more of the facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016. Therefore, if you received Fascimile Notice or Postcard Notice of this Settlement, then our records indicate that you are a Settlement Class Member.

**6. Are there exceptions to being included?**

Yes. Even if you fall within the Settlement Class as described in Question 5, you are not a Settlement Class Member if you are: (1) a current and former employee, officer and director of Defendants and their agents, subsidiaries, parents, successors, predecessors, or any entity in which they or their parents have a controlling interest; (2) Class Counsel or their immediate family members; (3) the judge to whom this case is assigned or part of the judge's immediate family; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (6) the legal representative, successor or assign of any such excluded person.

### 7. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call the Settlement Administrator at [Telephone] or visit www._____.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

Defendants have agreed to pay a total of $2,455,500 ("the Settlement Amount") into a settlement fund for the benefit of Settlement Class Members.

**YOU MUST SUBMIT A CLAIM FORM TO PARTICIPATE IN THE SETTLEMENT.** The Claim Form is included in this Notice package. An electronic version of the Claim Form that you can fill out and submit online is also included on the Settlement Website.

The Settlement authorizes Class Counsel to seek an award of attorney's fees of up to a maximum amount of one-third (33 1/3%) of the Settlement Amount and to request reimbursement of the out-of-pocket litigation expenses they have already paid in connection with the Action.

In addition, Class Counsel will ask the Court to approve payment out of the settlement fund to the Settlement Administrator of class notice and settlement administration costs. Furthermore, subject to the Court's approval, iMove Chicago, Inc. will receive a payment of $5,000 for its efforts in undertaking the litigation, assisting Class Counsel with the prosecution of the Action, subjecting itself to discovery, and serving as the Class Representative.

If approved by the Court, these attorney's fees, expenses, costs and service award will be paid from the Settlement Amount. After payment of the fees, expenses, costs and service payment awarded by the Court, the remainder of the fund ("the Net Settlement Amount") will be divided among Settlement Class Members who submit a timely and valid Claim Form.

### 9. How much will my payment be?

The Net Settlement Amount will be distributed pursuant to a Plan of Allocation to be approved by the Court. Each Settlement Class Member who submits a valid claim form will be entitled to a payment of $250 for every facsimile advertisement that they received from Gil Kerkbashian, subject to any adjustment as described below.

**PLEASE NOTE:** The above-specified payment amounts may be adjusted up or down depending on the number of Claim Forms received, so as to fully and fairly allocate and pay out the entire Net Settlement Amount to Settlement Class Members who submit Claim Forms. None of the money in the Settlement Amount will revert back to any Defendant.

## HOW YOU GET A PAYMENT—PARTICIPATING IN THE SETTLEMENT

**10. How can I get a payment?**

To qualify for a payment, you do not need to do anything other than submit a Claim Form, either by mail or online by **December 20, 2017**, confirming your status as a Settlement Class Member (see responses to Question Nos. 5 & 6 above). If the Court approves the Settlement, you will be sent money by check from the Settlement Administrator to the address specified in your Claim Form.

If you are a member of the Settlement Class and do not submit a Request for Exclusion, but you fail to submit a timely and valid Claim Form, you will not receive any money from the Settlement, but you will still be bound by all of the terms of the Settlement Agreement, including the Final Approval Order and the release of Plaintiff's Released Claims.

**11. When will I get my payment?**

The Court will hold a hearing on **January 18, 2018** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be one or more appeals. It's always uncertain whether these appeals can be resolved, and resolving them may take time, often more than a year. Once any and all appeals are resolved, the Settlement Administrator can distribute the Net Settlement Amount.

**12. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you will stay in the Settlement Class, and all of the Court's orders will apply to you and legally bind you. That means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the alleged sending of unsolicited facsimile advertisements by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016. If you stay in the Settlement Class, you will release and forever discharge any and all direct, individual, or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation that were or could have been asserted against Defendants and their present and former affiliates, agents, officers, directors, employees, insurers, attorneys, parents, subsidiaries, predecessors, successors and assigns, by Plaintiff or any other Settlement Class Members in the Action arising out of or relating to the conduct of the sending of the Fascimile Advertisements, including claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq*., for conversion, and all other claims alleged or which could have been alleged in the Action. ***Plaintiff's Released Claims do not, however, include any claims relating to the substance of the fascmile advertisements, and any other claims not arising out of or relating to the conduct of the sending of the fascimile advertisements at issue. The 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by***

7

*a fax machine, are not included in the Settlement Class and do not release any claims against Defendants.*

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send the Settlement Administrator a letter by mail saying that you want to be excluded from the Settlement. Your request for exclusion must include all of the following:

(a) Your name and address;
(b) Your physical signature;
(c) The name and number of the Action (that is, "*iMove Chicago, Inc. v. Inland Bancorp, Inc., et. al*, Case No. 16-cv-10106"); and
(d) A statement that you wish to be excluded from the Settlement Class.

You must mail your request for exclusion postmarked no later than **December 5, 2017** to:

[Settlement Administrator]
[Street Address]
[City, ST]

If you ask to be excluded, you will not get any Settlement payment, you cannot object to the Settlement, and you cannot ask to speak at the Final Approval Hearing. You will not be legally bound by anything that happens in the Action. Depending upon the applicable statute of limitations, you may be able to sue (or continue to sue) Defendants on you own regarding the issues raised in the Action.

**14. If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue any Defendant for the claims that this Settlement resolves. ***Your released claims do not, however, include any claims relating to the substance of the fascmile advertisements, and any other claims not arising out of or relating to the conduct of the sending of the fascimile advertisements at issue. The 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine, are not included in the Settlement Class and do not release any claims against Defendants.*** If you have a pending lawsuit against any Defendant (or any of its related parties as described in answer to Question No. 12 above), speak to your lawyer in that case immediately. You may have to exclude yourself from the Settlement Class to continue your own lawsuit against a Defendant or any of its related parties. Remember, the exclusion deadline is **December 5, 2017**.

**15. If I exclude myself, can I get money from this Settlement?**

No. If you exclude yourself, you will not receive any money from the Settlement. But, you are free to sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court has appointed Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. as Lead Class Counsel for the Settlement Class ("Lead Class Counsel"). You will not be charged for his services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of attorney's fees in an amount not to exceed one-third (33⅓%) of the Settlement Amount, after payment of up to a maximum amount of $5,000 to iMove Chicago, Inc. for its service as the Class Representative, plus reimbursement of its litigation expenses. The attorney's fees would pay Class Counsel for investigating the facts, litigating the case and negotiating the Settlement. The Court may award less than the amounts requested. The amounts paid for attorney's fees, litigation expenses and the service award will be paid out of the Settlement Amount and will reduce the $2,455,500 available for Settlement Class Members. In addition, the costs for providing notice to the Settlement Class Members and the costs to administer the Settlement will also reduce the fund available for Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 18. How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it and tell the Court why you feel the Settlement should not be approved. The Court will consider your views. To object, you must mail or your lawyer must file a document with the Court stating that you object to the Settlement. Your objection must include:

- Case name (*iMove Chicago, Inc. v. Inland Bancorp, Inc., et. al*);
- Case number (Case No. 16-cv-10106);
- Your name and address;
- You physical signature;
- A statement that you are a Settlement Class Member;
- The date(s) on which you received the facsimile advertisement(s) from Gil Kerkbashian;
- The fax number(s) at which you received the fascimile advertisement(s) from Gil Kerkbashian;

9

- The reasons that you object to the proposed Settlement, along with any supporting documents; and
- A statement indicating whether you intend to appear at the Fairness Hearing.

In addition to you mailing or your attorney filing your objection with the Court, the objection must also be mailed to each of the following addresses, postmarked no later than **December 5, 2017**:

| COURT | LEAD CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court U.S. District Court for the Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 S. Dearborn St. Chicago, IL 60604 | Thomas A. Zimmerman, Jr. Zimmerman Law Offices, P.C. 77 W. Washington St., Suite 1220 Chicago, IL 60602 | Thomas P. Cimino, Jr. Vedder Price P.C. 222 N. LaSalle St., Suite 2600 Chicago, IL 60601  Cornelius P. Brown Cohon Raizes & Regal LLP 208 S. LaSalle St., Suite 1440 Chicago, IL 60604 |

## 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court has preliminarily approved the Settlement. The Court will hold a Final Approval Hearing to decide whether to give final approval to the Settlement. Although you don't have to, you may attend and, if you filed a timely, written objection, you can ask to speak at the hearing.

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at _____a.m./p.m. on **January 18, 2018** at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. At this hearing, the Court will consider whether the Settlement with Defendants is fair, reasonable, adequate and in the best interests of the Settlement Class. The Court will also consider whether to approve the proposed Plan of Allocation of the Settlement proceeds to the Settlement Class. The Court will also consider (a) the application by Class Counsel for payment of attorney's fees and reimbursement of expenses out of the Settlement Fund created through their efforts, and (b) the application for the payment of Service Award to the Class Representative.

If there are any timely objections to the Settlement, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide

whether to approve the Settlement and how much to pay Class Counsel and the Class Representative.  We do not know how long these decisions will take.

The Final Approval Hearing may be continued or adjourned by the Court without further notice to the Settlement Class.  Settlement Class Members who may attend the Final Approval Hearing can check the Settlement Website for updates.

## 21. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have.  But you are welcome to attend at your own expense. If you send an objection, you don't have to come to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you hired your own lawyer, you may have to pay your own lawyer to attend, but it's not necessary that he or she do so.

## 22. Can I speak at the hearing?

You cannot speak at the hearing if you excluded yourself from the Settlement.  If you filed a timely, written objection, you (or your own lawyer) may appear and speak at the Final Approval Hearing but, to do so, a notice of your intention to appear must be filed with the Court.

# IF YOU DO NOTHING

## 23. What happens if I do nothing at all?

If you do nothing, then, if you are eligible and not excluded (as described in Questions 5 and 6 above), you'll automatically be part of the Settlement Class and (if you send in the Claim Form) be sent money from this Settlement based on the Plan of Allocation if the Settlement is approved by the Court. You will also be bound by the Final Approval Order approving the Settlement and cannot start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the issues in the Action.

# GETTING MORE INFORMATION

## 24. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. If you wish to review the Settlement Agreement, you may do so by visiting www._____.com.

## 25. How do I get more information?

You can call the Settlement Administrator at [telephone number], write to the Settlement Administrator at [address] or visit the Settlement Website at www._____.com, where you will find answers to common questions about the Settlement, plus other information to help

11

you determine whether you are member of the Settlement Class and whether you are eligible for payment. The most important documents in this case can be viewed, free of charge, on the Settlement website.  You can also call Lead Class Counsel at (312) 440-0020, email Lead Class Counsel at tom@attorneyzim.com, write to Lead Class Counsel at 77 W. Washington St., Suite 1220, Chicago, IL 60602, or visit Lead Class Counsel's website at www.attorneyzim.com.

If you wish to review all of the pleadings and other records in the Action, including the Settlement Agreement, they may be examined online on PACER at www.pacer.gov/findcase.html. After arriving at the website, click the 'Search the PACER Case Locator' link, then follow the directions and enter **16-cv-10106** as the case number and click 'SEARCH.' Images of every document filed in the case may be viewed at a minimal charge. You may also view images of every document filed in the case free of charge by using one of the computer terminal kiosks available at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604.

Date: September ___, 2017.

12

**Exhibit C-1**

**CLAIM FORM**

To the best of my knowledge, information, and belief, I _____

[your name]

received an unsolicited facsimile advertisement from Gil Kerkbashian at facsimile number [<<fax number>>], as follows (check one box):

☐ a total of [<<number>>] times on [<<date(s)>>], as shown in records produced by the defendants in this lawsuit

-or-

☐ a total of _____ times on _____.

[number]                              [the date(s) you received the fax(es)]

Date: _____

Printed Name:                                          Signature:

_____                          _____

Current Address:                                       Telephone No.:

_____                          _____

_____                          Current Email (optional):

_____                          _____

**Mail Your Completed Claim Form To:**

Inland Bank Unsolicited Fax Settlement Administrator
P.O. Box XXXXX
City, State Zip

**YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE DECEMBER 20, 2017**

**Exhibit C-2**

**CLAIM FORM**

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»

To the best of my knowledge, information, and belief, I _____ received an unsolicited
[your name]

facsimile advertisement from Gil Kerkbashian at facsimile number [<<fax number>>], as follows (check one box):

□ a total of [<<number>>] times on [<<date(s)>>], as shown in records produced by the defendants
in this lawsuit

-or-

□ a total of _____ times on _____.
[number]                       [the date(s) you received the fax(es)]

Signature: _____     Signed on: _____
[insert date]

**YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE <u>DECEMBER 20, 2017</u>**

*Back of Tear-Off Claim Form*

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»

Inland Bank Unsolicited Fax Settlement Administrator

P.O. Box XXXXX

City, State Zip

**<u>Exhibit C-3</u>**

**<u>CLAIM FORM</u>**

To the best of my knowledge, information, and belief, I _____
[your name]

received an unsolicited facsimile advertisement from Gil Kerkbashian at

_____ a total of _____ times on
[your fax number]                                        [number]

_____.
[the date(s) you received the fax(es)]

Date: _____

Printed Name:

_____

Current Address:

_____

_____

Signature:

_____

Telephone No.:

_____

Current Email (optional):

_____

**<u>Mail Your Completed Claim Form To</u>:**

Inland Bank Unsolicited Fax Settlement Administrator
P.O. Box XXXXX
City, State Zip

**YOUR CLAIM FORM MUST BE POSTMARKED ON OR BEFORE <u>DECEMBER 20, 2017</u>**

**Exhibit D**

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) | No. 16-cv-10106 |
| v. | ) ) | Judge Andrea R. Wood |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN, | ) ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

The Court, having considered the parties' Joint Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Action") pursuant to the Settlement Agreement dated September 15, 2017, between Plaintiff and Defendants (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on January 17, 2018, finds that:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the settlement of this Action.

3.     The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by Plaintiff and Class Counsel.

4.     The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5.     The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of Plaintiff's and Defendants' Released Claims.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6.     The persons listed on Exhibit A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

7.     It is in the best interests of the Parties and the Settlement Class members, and consistent with principles of judicial economy, that any dispute between any Settlement Class member and any Defendant regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8.     The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The parties are directed to consummate the

2

Settlement Agreement in accordance with its terms. The parties, and Settlement Class members who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

9.     The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23:

> All persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016.

The Settlement Class does not include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine. Also excluded from the Settlement Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees, Class Counsel and their immediate family members, and the Court to whom this case is assigned and the Court's immediate family.

10.     The requirements of Rule 23 have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; and the Plaintiff has fairly and adequately represented the interest of the Settlement Class.

11.     The preliminary appointment of iMove Chicago, Inc. as representative of the Settlement Class and the following as Settlement Class Counsel are hereby confirmed:

> Thomas A. Zimmerman, Jr.
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street, Suite 1220

3

Chicago, Illinois  60602

The Settlement Class Representative has fairly and adequately represented the interests of the Settlement Class.  Settlement Class Counsel is experienced in complex class litigation and has fairly and adequately represented the interests of the Settlement Class.

12.     The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement to members of the Settlement Class who have submitted valid Claim Forms.

13.     The Releasing Parties release and forever discharge the Released Parties from the Released Claims, as set forth below:

(A)     <u>Plaintiff's Released Claims</u>.  Plaintiff and Settlement Class Members hereby release and forever discharge any and all direct, individual, or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation that were or could have been asserted against Defendants and their present and former affiliates, agents, officers, directors, employees, parents, subsidiaries, predecessors, successors and assigns, by Plaintiff or any other Settlement Class Members in the Action arising out of or relating to the conduct of the sending of the Facsimile Advertisements, including claims for violation of the Telephone Consumer Protection Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, for conversion, and all other claims alleged or which could have been alleged in the Complaint. Plaintiff's Released Claims do not, however, include any claims relating to the substance of the Facsimile Advertisements, and any other claims not arising out of or relating to the conduct of the sending of the Facsimile Advertisements at issue.  The 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine, are not included in the Settlement Class and do not release any claims against Defendants.

(B)     <u>Defendants' Released Claims</u>.  Defendants and Defendants' Counsel hereby release and forever discharge all claims, rights or causes of action, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, or common law, rule or regulation, against Plaintiff, any of the Settlement Class Members, or

4

Class Counsel, including their respective spouses, children, heirs, associates, co-owners, agents, administrators, executors, devisees, predecessors, and representatives, that arise out of or are in any way related to the prosecution of the Action.

14.     The Released Claims include claims that are currently unknown to the respective Releasing Parties.  The release in this Order and in the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release.  Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims.  The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

15.     Plaintiff, members of the Settlement Class, and Defendants are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other

5

authority or forum wherever located, any of their respective Released Claims. Any person or entity that knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by the other party as a result of such violation.

16.    The Court hereby awards Settlement Class Counsel $_____ for attorney's fees plus $_____ in court costs. The Court hereby approves payment of a service award of $_____ to Plaintiff iMove Chicago, Inc. The Court finds this award of attorney's fees and costs, and the service award are fair and reasonable.

17.    Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, the "Settlement Matters"). The Court also retains exclusive jurisdiction as to the Settlement Matters over Plaintiff, members of the Settlement Class and Defendants, each of whom are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

18.    The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in

evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendants. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

19.     In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

20.     The Action is hereby **DISMISSED WITH PREJUDICE** and without costs. This judgment has been entered without any admission by Defendants as to the merits of any of Plaintiff's allegations in the Action.

21.     The Court directs the Clerk to enter final judgment.

**SO ORDERED.**

Dated: _____                    _____
                                                       Hon. Andrea R. Wood
                                                       United States District Court Judge