IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated )<br><br>Plaintiff, )<br>v. )<br>)<br>INLAND BANCORP, INC., INLAND HOME )<br>MORTGAGE COMPANY, LLC, INLAND BANK )<br>AND TRUST, and GIL KERKBASHIAN, )<br>)<br>Defendants. ) | No. 16-cv-10106<br><br>Judge Andrea R. Wood |

## PRELIMINARY APPROVAL ORDER

The matter before the Court is the motion of Plaintiff iMove Chicago, Inc. ("Plaintiff") for preliminary approval of a proposed class action settlement with Defendants Inland Bancorp, Inc., Inland Home Mortgage Company, LLC, Inland Bank and Trust, and Gil Kerkbashian (collectively, "Defendants") on behalf of all persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016. The proposed Settlement would resolve all of the claims asserted by Plaintiff and members of the proposed Settlement Class in this action against Defendants (the "Action").

Plaintiff and Defendants (collectively, the "Parties"), through their respective counsel, have executed and filed with this Court a Settlement Agreement that resolves this action and all claims alleged therein. The Court, having reviewed the Settlement Agreement, including the exhibits thereto, and considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, finds that the terms of the proposed Settlement are fair, reasonable and adequate to Plaintiff and the Settlement Class and that the interests of fairness,

consistency, and efficiency are well served by a single class settlement. The Court therefore hereby GRANTS the motion and ORDERS as follows.

1. Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2. For purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the Fairness Hearing, the Court conditionally certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3): all persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016. The Settlement Class does not include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to or received by a fax machine. Also excluded from the Settlement Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees, Class Counsel and their immediate family members, and the Court and the Court's immediate family.

3. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in this action would be impracticable, as the Settlement Class comprises thousands of members; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether Defendants engaged in a pattern of sending unsolicited fax

advertisements to Plaintiff and Settlement Class members, and whether Defendants' transmission of the unsolicited fax messages violated the TCPA; (iii) the claims of the representative Plaintiff are typical of the claims of the Settlement Class, and Plaintiff does not have any conflicts of interest with the other members of the Settlement Class; (iv) Plaintiff and Plaintiff's Counsel can fairly and adequately represent and protect the interests of the Settlement Class members, as shown by their investigation and services performed to date; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action as it relates to the proposed Settlement.

4. The Settlement, on the terms and conditions set forth in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Settlement resulted from arm's-length negotiations conducted in good faith by the Parties in a mediation before a competent and well-respected mediator, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

5. The Court provisionally finds that the named Plaintiff, iMove Chicago, Inc., is able to fairly and adequately represent the Settlement Class and appoints Plaintiff as the Class Representative for the Settlement Class. Plaintiff received one or more of the facsimile advertisements that are at issue in the Action.

6. The Court appoints Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C. as Lead Class Counsel for the Settlement Class ("Lead Class Counsel"), finding that Mr. Zimmerman and the other attorneys at Zimmerman Law Offices, P.C. are able to fairly and adequately represent the Settlement Class.

7. The Court preliminarily approves the Plan of Allocation of the Net Settlement Amount to Settlement Class Members.

8. The Court orders Defendants to pay one hundred thousand dollars ($100,000.00) of the agreed Settlement Amount to the Settlement Administrator within seven (7) days after entry of this Order, pursuant to the terms set forth in the Settlement Agreement.

9. The Court approves the notice plan set forth in the Settlement Agreement, as well as the Facsimile Notice, Postcard Notice and Detailed Notice attached as Exhibits B-1, B-2 and B-3 thereto. The Court finds that the Settlement Class Notice provides a sufficiently clear and concise description of the action, the Settlement terms, and the rights and responsibilities of the Settlement Class Members, and that the dissemination of the Settlement Class Notice through facsimile, U.S. Mail, and posting on the Settlement Website as set forth in the Settlement Agreement is the best means practicable, and is reasonably calculated, to apprise the Settlement Class Members of the litigation and their right to participate in, object to, or exclude themselves from the Settlement. Accordingly, the Parties and their counsel are directed to disseminate the Settlement Class Notice pursuant to the terms of the Settlement Agreement.

10. The Court approves the Facsimile Claim Form, Tear-Off Claim Form, and Blank Claim Form attached to the Settlement Agreement as Exhibits C-1, C-2 and C-3.

11. The Court approves and appoints Dahl Administration as the Settlement Administrator, and directs them to perform the duties set forth in the Settlement Agreement. As

set forth in the Settlement Agreement, all costs and expenses incurred by the Settlement Administrator in connection with disseminating the notice and administering the Settlement shall be paid from the Settlement Amount.

12. The Court will conduct a Fairness Hearing, at which time it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on January 18, 2018 commencing at 10:00 AM.

13. Plaintiff's Counsel shall file its motion for an Award of Attorney's Fees and Expenses and for a Service Award to the Plaintiff as Class Representative no later than fourteen (14) days prior to the deadline for submission of Requests for Exclusion and Objections. The Court will rule upon the motion at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid only from the Settlement Amount.

14. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement, the proposed Attorney's Fee and Expenses Award, and/or the proposed Service Award, must deliver to Defendants' Counsel and to Lead Class Counsel, and file with the Court, a written statement of the objections, as well as the specific reasons for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence or other information the Settlement Class Member believes supports the objections. Any Settlement Class Member who objects must set forth their full name and current address, include a statement that they are a Settlement Class Member, state the date(s) on which they received the facsimile advertisement(s) from Gil Kerkbashian, provide the facsimile number(s) at which they received the facsimile advertisement(s) from Gil Kerkbashian, state whether they intend to appear at the Fairness Hearing with or without counsel, and personally sign the objection. If the Class Member is

represented by counsel, the objection shall be filed through the Court's ECF system; otherwise, the objection shall be filed and served by mail, hand, or overnight delivery service. All objections must be filed with the Court and delivered to Defendants' Counsel and Lead Class Counsel not later than November 28, 2017. Objections must be delivered to Defendant's Counsel and Lead Class Counsel at the addresses listed below:

Court:

Clerk of the Court
U.S. District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Lead Class Counsel:

Thomas A. Zimmerman, Jr.
Zimmerman Law Office, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602

Inland Bank Defendants' Counsel:

Thomas P. Cimino, Jr.
Vedder Price P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601

Kerkbasian's Counsel:

Cornelius P. Brown
Cohon Raizes & Regal LLP
208 S. LaSalle St., Suite 1440
Chicago, IL 60604

No person will be entitled to be heard at the Fairness Hearing, and no written objections will be received or considered by this Court at the Fairness Hearing, unless all pertinent terms and conditions set forth above and in the Settlement Class Notice have been fully met. If an objection is overruled, the objecting Settlement Class Member will be bound by the terms of the

Settlement and may not exclude him/herself later. Any person who elects to opt out of the Settlement Class shall not be bound by any orders, including, but not limited to, any final order approving the Settlement, entered in this Action, not be entitled to relief under the Settlement Agreement, not gain any rights by virtue of the Settlement Agreement, and not be entitled to object to any aspect of the Settlement Agreement. No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

15. Any Settlement Class Member who wishes to be excluded from the Settlement must fully comply with all pertinent terms and conditions set forth in the Settlement Class Notice. All Requests for Exclusion must be postmarked no later than November 28, 2017. Settlement Class Members who submit a timely and valid Request for Exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the Net Settlement Amount, and will not be bound by the Settlement Agreement. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by all terms of the Settlement Agreement and any final order approving the Settlement.

16. No later than 14 days after the deadline for submission of Requests for Exclusions and Objections, the Settlement Administrator shall provide a declaration to Lead Class Counsel and Defendants' counsel attesting to the measures taken to provide the Class Notice to the Settlement Class Members and the number of requests for exclusion, if any. No later than 21 days after the deadline for Settlement Class Members to submit a Claim Form, the Settlement Administrator shall provide a declaration to Lead Class Counsel and Defendants' counsel attesting to the number of Claim Forms received and the claimant and payment information for all claims to be paid and disallowed.

17. In the event this Court does not finally approve the Settlement Agreement, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Plaintiff's right to seek and Defendants' right to oppose certification of one or more Plaintiff classes in the Action, shall be preserved, and the Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement or the Parties' prior Memorandum of Understanding, as defined in the Settlement Agreement, shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Amount transferred to the Settlement Administrator shall be returned to Defendants, less notice and administrative expenses actually incurred by the Settlement Administrator (as to which Defendants shall have no right of reimbursement from any person, including the Settlement Administrator, Plaintiff, or Plaintiff's Counsel). If the portion of the Settlement Amount transferred to the Settlement Administrator is not sufficient to pay all of the notice and administrative expenses incurred by the Settlement Administrator, Defendants shall separately pay to the Settlement Administrator any additional amounts owing at the time of termination.

18. For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

19. The Parties are directed to carry out their obligations under the Settlement Agreement.

**Summary of Applicable Dates**

| 1. | Preliminary Approval Order (PA) signed | September 21, 2017 |

| 2. | Defendants to pay $100,000.00 of the Settlement Amount to the Settlement Administrator | September 28, 2017 (PA +7) |
|---|---|---|
| 3. | Notice to be sent and published, and Settlement Website to be activated (ND) | October 21, 2017 (PA +30) |
| 4. | Motion for Award of Attorney's Fees and Expenses and for Service Award to be filed | November 21, 2017 (OD -14) |
| 5. | Deadline to Opt Out or Object (OD) | December 5, 2017 (ND +45) |
| 6. | Deadline for Settlement Administrator to Submit Compliance Declaration re. Notice and Opt-Outs | December 19, 2017 (OD +14) |
| 7. | Deadline to submit a Claim Form (CD) | December 20, 2017 (ND +70) |
| 8. | Deadline for Settlement Administrator to Submit Compliance Declaration re. Claims | January 10, 2018 (CD +21) |
| 9. | Fairness Hearing (FH) | January 18, 2018 (PA +125) |

**SO ORDERED.**

Dated: September 21, 2017

_____
Andrea R. Wood
United States District Judge