IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:16-cv-10106 |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN, | ) ) ) ) | Honorable Andrea Wood |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR THE PAYMENT OF
A REPRESENTATIVE PLAINTIFF SERVICE AWARD**

Thomas A. Zimmerman, Jr.
Sharon A. Harris
Matthew C. De Re
Nickolas J. Hagman
Maebetty Kirby
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

Attorneys for Plaintiff and the Class

I.      INTRODUCTION.

This motion demonstrates that the Class Representative iMove Chicago, Inc. ("Plaintiff") in this action is entitled to the agreed-upon service award of $5,000 from Defendants pursuant to the Settlement of the instant nationwide class action. (*See* Settlement Agreement ("Settlement"), attached as Appendix 1 to the Motion for Preliminary Approval, Dkt. #48, at p.16).

The Court should approve the agreed-upon award of $5,000 to Plaintiff because Plaintiff was actively involved throughout the litigation and Settlement, and because similar awards have been routinely approved and upheld in Courts around the country.

II.     IT IS APPROPRIATE FOR THE COURT TO AWARD AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVE.

An incentive award is appropriate in the present case because it is necessary to induce participation in the litigation, and because Plaintiff actively participated in the litigation.

A.      An Incentive Award Is Necessary to Induce Participation in the Litigation.

Courts throughout the country in recognizing the importance of incentive awards for class representatives. Specifically, the Tenth Circuit has held: "Incentive awards [to class representatives] are justified when necessary to induce individuals to become named representatives…." *UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Min. Corp.*, 352 F. App'x 232, 235 (10th Cir. 2009), citing *In re Synthroid Mktg. Litig.,* 264 F.3d 712, 722–23 (7th Cir. 2001). Moreover, a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class. *Newmont Min. Corp.*, 352 F. App'x at 235 (citation omitted). *Cf. Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (stating "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit," and approving incentive award of $25,000); *Montgomery v. Aetna Plywood, Inc.*, 231

2

F.3d 399, 410 (7th Cir. 2000); *accord Huguley v. General Motors Corp.,* 128 F.R.D. 81, 85 (E.D. Mich. 1989), *aff'd*, 925 F.2d 1464 (6th Cir. 1991) (named plaintiffs are entitled to more consideration than class members generally because of the burden of litigation that they have borne).

An incentive award is necessary and appropriate in this case to induce participation in the lawsuit. Here, as in most lawsuits brought under the Telephone Consumer Protection Act ("TCPA"), Plaintiff sustained very small damages as a result of Defendants' alleged misconduct of sending unsolicited faxes. The damages that Plaintiff would have received in an individual action against Defendants would have been minimal.

Thus, there is absolutely no incentive for Plaintiff, or anyone else, to spend the necessary time and expense of filing a lawsuit and being a named plaintiff in public litigation in pursuit of such minimal damages. Clearly, an incentive award is necessary to induce Plaintiff, or any individual, to participate in this Action because the amount of the potential recovery is very small.

Therefore, it is appropriate for the Court to award an incentive award to Plaintiff.

> **B.** **Plaintiff Has Actively Participated in the Litigation, and Is Deserving of a Service Award in the Amount of $5,000.**

As the Court has recognized, "[w]hen considering the appropriateness of an award for class representation, the Court should consider: (1) the actions the class representative took to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort the class representative expended in pursuing the litigation." *Tuten v. United Airlines, Inc.*, No. 12-CV-1561-WJM-MEH, 2014 WL 2057769, *5 (D. Colo. May 19, 2014), *citing Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998).

"Incentive awards are recognized as serving an important function in promoting class action settlements, particularly where…the named plaintiffs participated actively in the litigation."

3

*In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (citing *Denney v. Jenkens & Gilchrist*, 2005 WL 388562, at *31 (S.D.N.Y. Feb.18, 2005)); *see also Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1218 (S.D. Fla. 2006) ("Incentive awards compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. Incentive awards serve an important function, particularly where the named plaintiffs participated actively in the litigation." (citations omitted)).

A $5,000 service award is reasonable in light of Plaintiff's active participation in the litigation. The president of iMove Chicago, Inc., Erickson Ocasio, has reviewed pleadings and orders in this case, and Mr. Ocasio attended the all-day formal mediation before Judge Denlow. (*See* Declaration of Thomas A. Zimmerman, Jr., ¶ 25, filed in support of this motion). Class Counsel regularly discussed the pleadings and discovery with Mr. Ocasio throughout this litigation. *Id.* Plaintiff responded to formal interrogatories and document requests issued by the Inland Bank Defendants, as well as additional interrogatories by Defendant Kerkbashian. *Id.*

Specifically, Plaintiff produced over a thousand pages in response to Defendants' formal discovery requests. *Id.* Class Counsel issued six (6) subpoenas to third parties, who responded by producing spreadsheets containing thousands of entries regarding fax transmissions, which Plaintiff assisted in reviewing and analyzing to determine the size and scope of the Class. *Id.* Additionally, Class Counsel regularly discussed the terms of the status of the case with Mr. Ocasio, and he reviewed and approved the Settlement Agreement. *Id.* Plaintiff was committed to this litigation, and was prepared to go through discovery as necessary, and to be a part of any trial that may have followed. Indeed, Plaintiff was willing to take an even more active role, if necessary, and to devote all necessary time and attention to this case. *Id.*

Courts have approved similar incentive awards in cases where the named plaintiffs performed even *less* work before settlement. For example, in *In re AT & T Mobility Wireless Data*

*Servs. Sales Tax Litig.*, the Court recognized that the parties "undertook no formal discovery," and that the class representatives' roles were "largely prospective" and limited to "reviewing, considering, and approving the Settlement Agreement and fee application." *See* 792 F.Supp.2d 1028, 1041 (N.D. Ill. 2011) (St. Eve, J.). Nevertheless, the Court emphasized the importance of role, noting that the class representatives were "committed to go through discovery as necessary, to be a part of any trial that would follow" and willing "to take a more-active role if necessary." *Id.* Accordingly, the Court approved a $5,000 incentive award. *Id.*; *see also Stuart v. Radioshack Corp.*, No. 07 cv 4499, 2010 WL 3155645, at *7 (N.D. Cal. Aug. 9, 2010) (finding a $5,000 incentive payment to be reasonable because "the class representatives...were willing and ready to go to trial.").

Awarding Plaintiff the agreed-upon service award in this matter would reward Plaintiff for its active involvement in this litigation, and acknowledge its important role as a Class Representative. Therefore, the Court should approve the agreed-upon service award.

**III.    THE AMOUNT OF THE SERVICE AWARD TO THE CLASS REPRESENTATIVE IS REASONABLE AND SHOULD BE ALLOWED BECAUSE IT IS TYPICAL OF AWARDS TO CLASS REPRESENTATIVES NATIONWIDE.**

Courts in the Northern District of Illinois have consistently awarded incentive awards to class representatives in the amount of $5,000, or more, in the consumer class action context. *See, e.g.*, *Joseph v. Marbles LLC, et al.*, No. 13-cv-4798 (N.D. Ill. December 19, 2004); *Radaviciute v. Christian Audigier, Inc.*, No. 10-cv-08090 (N.D. Ill. October 19, 2011) (awarding the named plaintiff an incentive award in the amount of $5,000 in a FACTA litigation settlement); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F.Supp.2d 1028, 1041 (N.D. Ill. 2011) (approving a $5,000 incentive award); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015) (approving $25,000 incentive award); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, Nos. 07–CV–2898, 09–CV–2026, 2012

5

WL 651727, at *16 (N.D. Ill. Feb. 28, 2012) (awarding a $25,000 incentive awards to each of seven plaintiffs); *Cook*, 142 F.3d at 1016 (awarding incentive award of $25,000); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding $5,000 incentive awards where the case did not proceed past the earliest stages of discovery); *In re: Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, No. 09-cv-07670 (N.D. Ill. November 30, 2011) (Dkt. No. 113) (approving an aggregate incentive award of $25,000 to five plaintiffs, and citing to Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1333 (2006) (finding an average aggregate award of $29,055.20 and average individual award of $6,358.80)).

Indeed, Courts throughout the country have generally concluded that a $5,000 incentive award to the class representative is presumptively reasonable. *See, e.g.*, *Hopson v. Hanesbrands, Inc.*, No. 08-CV-844, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) ("In general, courts have found that $5,000 incentive payments are reasonable."); *see also* Sherrie R. Savett, et al., *Consumer Class Actions: Class Certification Issues, Including Ethical Considerations and Counsel Fees and Incentive Award Payments to Named Plaintiffs,* 936 PLI/Corp. 321, 340 (1996) (listing 52 cases involving incentive award payments in consumer class action lawsuits wherein over half of the awards fell between $5,000 and $10,000).

The reasonableness of an incentive award in the amount of $5,000 has been highlighted in class action settlements in numerous jurisdictions. For example:

- *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F.Supp.2d 1028, 1041 (N.D. Ill. 2011) (concluding that the class representatives' "role in reviewing, considering, and approving the Settlement Agreement and fee application, and especially their willingness to take a more-active role if necessary," warranted a $5,000 award).

- *Stuart v. Radioshack Corp.*, No. 07 cv 4499, 2010 WL 3155645, at *7 (N.D. Cal. Aug. 9, 2010) (finding a $5,000 incentive payment to be reasonable because "the class representatives...were willing and ready to go to trial.").

- *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 483 (S.D. Cal. 2013) (concluding that a $5,000 incentive award "is reasonable here given the named Plaintiffs' efforts advancing the interests of the absent class members by retaining counsel with particular experience in consumer class actions and by assisting counsel with case investigations").

- *Trombley v. Nat'l City Bank*, 826 F.Supp.2d 179, 207-08 (D.D.C. 2011) (concluding that a $5,000 incentive award was proper because "the representative plaintiffs actively assisted in the prosecution and settlement of this case by participating in many phone calls and providing detailed descriptions of their banking behavior").

- *Hopson v. Hanesbrands, Inc.*, No. 08-CV-844, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) (approving a $5,000 incentive award for the plaintiff because she "provided documents from her employment that were instrumental in counsel's understanding of this case, provided contact information for potential Class Members, contacted employees about this case, responded to telephone inquires from counsel, responded to multiple requests for information, reviewed many documents produced by Defendants, authenticated documents, and was a general source of valuable information which assisted the parties in reaching a settlement of this action").

- *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 118 (E.D. Pa. 2005) (concluding, in a FCRA consumer class action case, that "the $5,000 to be awarded to each of the three named plaintiffs is in line with awards in similar class action litigation").

- *Domonoske v. Bank of Am., N.A.*, 790 F.Supp.2d 466, 477 (W.D. Va. 2011) (concluding that, in a FCRA consumer class action case, a $5,000 incentive award was appropriate where "the litigation was neither protracted nor overly complex").

The overwhelming precedent from courts across the country demonstrates that the proposed service award to the Plaintiff is reasonable and should be allowed.

### CONCLUSION

As the above analysis shows, the requested service award for the Plaintiff is reasonable, appropriate, and should be approved. Plaintiff, individually and on behalf of the Settlement Class, by and through Class Counsel, prays that this Honorable Court enter an order:

(a) granting Plaintiff's request for a service award in the amount of $5,000; and

(b) granting such other and additional relief as the Court may deem just and appropriate.

Date: November 21, 2017

Plaintiff iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

By: _s/Thomas A. Zimmerman, Jr._
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile

*Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I, Thomas A. Zimmerman, Jr., hereby certify that I caused a copy of the foregoing document to be served on November 21, 2017, to all counsel of record via the Court's ECF notification system.

                                                s/Thomas A. Zimmerman, Jr.