**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:16-cv-10106 |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN, | ) ) ) ) | Honorable Andrea Wood |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL**
**OF THE CLASS ACTION SETTLEMENT AGREEMENT**

Thomas A. Zimmerman, Jr.
Sharon A. Harris
Matthew C. De Re
Nickolas J. Hagman
Maebetty Kirby
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602

Attorneys for Plaintiff and the Settlement Class

Plaintiff iMOVE CHICAGO, INC. ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through Class Counsel at Zimmerman Law Offices, P.C., respectfully submits the following Motion for Final Approval of the Class Action Settlement Agreement ("Agreement"), which this Court preliminarily approved on September 21, 2017.

## I. INTRODUCTION.

This action was initially filed in the Circuit Court of Cook County, Illinois, and was later removed to the United States District Court for the Northern District of Illinois. Plaintiff alleged that Defendants INLAND BANCORP, INC. ("Inland Bancorp"), INLAND HOME MORTGAGE COMPANY, LLC ("Inland Home Mortgage"), INLAND BANK AND TRUST ("Inland Bank") and GIL KERKBASHIAN ("Kerkbashian") (collectively, "Defendants") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, and committed conversion, by sending Plaintiff and Settlement Class Members unsolicited facsimile transmissions containing advertisements for Defendants' products and services. Plaintiff alleged that Defendants sent unsolicited fax advertisements to Plaintiff and Settlement Class Members on five separate occasions: August 16, 2016; August 24, 2016; August 31, 2016; September 14, 2016; and October 5, 2016 (collectively, the "Facsimile Advertisements").

Counsel for Plaintiff and Defendants (collectively, the "Parties") engaged in discussions and arm's-length negotiations, including a formal mediation overseen by highly-respected retired Magistrate Judge and JAMS mediator, Morton Denlow ("Judge Denlow"). The Parties were successful in reaching an agreement to settle the case on a class-wide basis (the "Settlement" or "Settlement Agreement"). The Parties' agreement was preliminarily approved by the Court on September 21, 2017. Defendants served the notice required by the Class Action Fairness Act on

September 26, 2017. As demonstrated below, the Parties' Agreement is now ripe for this Court's consideration and final approval.

## II.     SUMMARY OF THE SETTLEMENT.

### A.     The Settlement Class.

The Parties have agreed to certification of the following Settlement Class, subject to typical exclusions:

> All persons and entities who actually received one or more of the five Facsimile Advertisements from Gil Kerkbashian.

(*See* Settlement Agreement, attached as Appendix 1 to Plaintiff's Motion for Preliminary Approval of a Class Action Settlement Agreement With Defendants ("Settlement Agreement"), Dkt. #48-1, at p. 7). Settlement Class Members who exclude themselves or "opt-out" of the Settlement, pursuant to the procedures set forth in the Court's Revised Preliminary Approval Order are not bound by the Settlement, and are not eligible to make a claim for any benefit provided by the Settlement. *Id.* The opt-out deadline was December 5, 2017. (*See* Revised Preliminary Approval Order, Dkt. #54, at p. 9).

### B.     The Settlement's Non-Reversionary Monetary Benefits.

The Settlement provides significant monetary relief to each Settlement Class Member who submits a valid claim form. Defendants created a settlement fund of $2,455,500 ("Settlement Fund") to provide relief to the Settlement Class Members. After deductions for class notice and settlement administration and Court-approved Attorneys' Fees and Expenses and the Class Representative Service Award, the Net Settlement Amount will be allocated to Settlement Class Members who submit valid claim forms. (*See* Settlement Agreement Dkt. #48-1, at pp.13-16). The Net Settlement Amount will be exhausted to pay Settlement Class Members' claims, so that no money reverts to Defendants. (*See id.,* at p. 14).

3

Specifically, the relief provided to Plaintiff and Settlement Class Members is as follows:

> Relief to Plaintiff.  Defendants agreed to pay up to $5,000 to Plaintiff as an incentive award for bringing the claims on behalf of the Class.  This payment is subject to Court approval.

> Class Recovery.  After deducting the costs of class notice and settlement administration, Court-approved Attorneys' Fees and Expenses, and the Class Representative Service Award, Defendants shall distribute the remainder of the Settlement Fund *pro rata* to all Settlement Class Members who submitted a valid claim.

If any of the settlement checks to the Class are not cashed by the Void Date, said funds (after deduction of any stop payment charges on the uncashed checks) will be donated to the Illinois Bar Foundation as a *cy pres* award.  (*See id.*, at p. 15).

**C.      Attorneys' Fees and Expenses.**

The agreement provided that Defendants agreed that Zimmerman Law Offices, P.C., as Class Counsel, would be paid out of the Settlement Fund.  (*See Plaintiff's Motion for An Award of Attorneys' Fees, and Reimbursement of Costs and Expenses* ("Petition for Fees and Costs"), Dkt. #56).  The Settlement Agreement provided that Plaintiff may request an award of attorneys' fees in an amount up to one-third of the Settlement Fund.  Plaintiff has separately applied for an award of attorneys' fees and for the reimbursement of costs and expenses.  (*See id.*).  This payment is subject to the Court's approval.

Plaintiff filed its Petition for Fees and Costs fourteen (14) days prior to the Opt-Out and Objection Deadline, pursuant to Fed. R. Civ. P. 23(h).  Now that the final claims data has been provided by the Settlement Administrator, Plaintiff is filing a supplement to the Petition concurrently with the filing of this motion.

4

III.    **THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT.**

    A.    **The Preliminary Approval Order.**

On September 21, 2017, this Court entered an order granting preliminary approval of the Agreement reached between the Parties.  In the Revised Preliminary Approval Order, the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23.  (*See* Revised Preliminary Approval Order, Dkt. # 54).

The Order further established a procedural framework for the final approval of the settlement.  The Order required the Parties to cause notice to be faxed and mailed to the members of the Settlement Class, set deadlines and procedures for the submission of claim forms, requests for exclusion and objections to the Settlement, and set a fairness hearing for January 18, 2018.

    B.    **Summary of the Notice Provided to the Settlement Class.**

Federal Rule of Civil Procedure 23 requires that, when a class has been certified, "the court must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2).  The purpose of the notice requirement is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)).  In this case, the notice sent to the members of the Settlement Class was adequate and effective.

On or before October 21, 2017—subsequent to the entry of the Revised Preliminary Approval Order—notice of the Settlement was sent to 2,507 individuals identified as members of the Settlement Class.  (*See* Declaration of Kelly Kratz, at ¶¶ 4-5, which is being filed contemporaneously with this Motion).  The Facsimile Notice and a Claim Form was faxed to

5

each of the 2,507 fax numbers that successfully received at least one of the Facsimile Advertisements. Additionally, the Postcard Notice with a tear-off Claim Form was mailed to 870 addresses that the Settlement Administrator was able to determine were the mailing addresses for Settlement Class Members. (*See id.*, at ¶ 5).

As of January 5, 2018, there were **no objections and no requests for exclusion**, and 323 valid Claim Forms were submitted by Settlement Class Members. (*See id.*, at ¶¶ 8, 10-11).

Approximately twelve and a half percent (12.5%) of the Settlement Class submitted a valid claim. Thus, the Court-approved Notice Program was extremely effective at reaching the members of the Settlement Class. Direct notice was sent to *every* fax number (100% of the Settlement Class Members) that received at least one of the Facsimile Advertisements, and was also mailed to approximately 35% of the Settlement Class Members (for whom the Settlement Administrator was able to determine their mailing address). The Notice Program, as designed and implemented, constitutes the best notice practicable under the circumstances, complies with Fed. R. Civ. P. 23(c)(2), and satisfies due process requirements.

## IV. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT

The Settlement satisfies all the requirements of Rule 23. First, the Settlement Class satisfies Rule 23. Second, Rule 23(e), the Court may grant final approval the Settlement because the Parties' agreement is fair, reasonable, and adequate.

### A. The Settlement Class Should Be Certified.

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621.

In its Revised Preliminary Approval Order, the Court provisionally certified the Settlement Class. (*See* Revised Preliminary Approval Order, Dkt. #54, at p. 2). Nothing with

respect to class certification has materially changed since preliminary certification. *See, e.g.,*
*Walsh v. Corepower Yoga, LLC*, 16-CV-05610-MEJ, 2017 WL 4390168, at *4 (N.D. Cal. Oct. 3,
2017) ("Because no new facts that would affect these requirements have arisen since the Court
preliminarily approved the Class on February 14, 2017, this Order incorporates by reference its
prior analysis under Rules 23(a) and (b)(3) as set forth in the Preliminary Approval Order."); *Van*
*Kempen v. Matheson Tri-Gas, Inc.*, 15-CV-00660-HSG, 2017 WL 3670787, at *4 (N.D. Cal.
Aug. 25, 2017) (same). In any event, certification remains appropriate and warranted under Rule
23(a) and 23(b)(3).

### 1.     The Settlement Class Meets the Requirements of Rule 23(a).

Rule 23(a) sets forth sets forth four prerequisites that a plaintiff must demonstrate to find
that class certification is appropriate: (1) the proposed class is so numerous that joinder of all
members is impracticable; (2) there are questions of law or fact common to the class; (3) the
claims of the representative party are typical of the claims of the class; and (4) the representative
party will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

***First***, the Settlement Class is so numerous that joinder of all members is impracticable.
The United States Court of Appeals for the Seventh Circuit has recognized that as few as 40
class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1).  *Swanson*
*v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also Newberg*
*on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class
members should raise a presumption that joinder is impracticable, and the plaintiff whose class is
that large or larger should meet the test of Rule 23(a)(1) on that fact alone.").  In this case, as
determined through the Parties' discovery, there were 2,507 persons and entities who met the
Settlement Class definition, and who were subsequently sent notice of the Settlement, pursuant

to the Court's Revised Preliminary Approval Order.  The number of Settlement Class Members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

***Second***, the "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact.  *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992).  Rule 23(a)(2) requires only the existence of at least one question of law or fact that is common to all Settlement Class Members and capable of class-wide resolution, the determination of which is central to the validity of all Settlement Class Members' claims. *See Wal-Mart Stores, Inc. v. Dukes*, 546 U.S. 349-50 (2011); *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

In the present case, the essential fact that links all Settlement Class Members is that Defendants sent each member of the Settlement Class at least one of the Facsimile Advertisements, without the Settlement Class Members' prior express consent to receive fax advertisements from Defendants.   The faxes sent in each of the five sets of Facsimile Advertisements were identical, and thus contain precisely the same alleged violation of the TCPA in each instance.  Thus, this case satisfies the "commonality" requirement.

***Third***, the "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met.  *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is

satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case, typicality is inherent in the Class definition. By definition, the members of the Class were subjected to the same conduct as Plaintiff, and thus suffered the same violation of the TCPA that Plaintiff suffered. Plaintiff is a member of the Settlement Class, and suffered the same injuries as the rest of the Settlement Class Members. As such, Plaintiff's claims are typical of the entire Settlement Class, which satisfies the "typicality" requirement.

*Fourth*, the determination that the "representative parties will fairly and adequately protect the interests of the class," as required by Rule 23(a)(4), involves two considerations: (1) whether the plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 457 U.S. 147, 157, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

In this case, as set forth in Class Counsel's Declaration ("Zimmerman Decl.", Dkt. #58), previously filed in support of Plaintiff's motion for attorneys' fees and costs, and motion for a service award for Plaintiff, Class Counsel is experienced in class action litigation and Class Counsel has worked diligently in identifying and investigating potential claims. Class Counsel has committed almost 700 hours of legal services in litigating this matter. (*See* Zimmerman Decl. ¶ 19). Further, as noted, Class Counsel has extensive experience managing class actions and other complex litigation, including the types of claims asserted in this action, and has extensive knowledge of the applicable law. (*See* Zimmerman Decl. ¶¶ 2-5, and Firm Resume attached as Exhibit 1 to the Zimmerman Decl.). Finally, Class Counsel has committed the resources necessary to represent the Settlement Class, just as they have done in the numerous

9

class actions they have litigated and financed in the past. (*See* Firm Resume, attached as Exhibit 1 to the Zimmerman Decl., at pp. 5-10).

Additionally, Plaintiff has no interests in conflict with the Class. The Class Representative came forward and served as named plaintiff in this action, assisted in the prosecution of the Action—including discovery and attending the mediation—considered whether to accept the Settlement, and otherwise served as the Class Representative. (*See* Zimmerman Decl. ¶ 25). Therefore, the named Plaintiff and its counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

**2.    The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).**

In addition to meeting the requirements under Rule 23(a), the Settlement Class satisfies the requirements of Rule 23(b)(3). Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions; and (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D.Fla. 1986); *see also Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case, a common issue relating to the lawfulness of Defendants sending the Facsimile Advertisements to Plaintiff and Settlement Class Members without their prior express consent predominates over individual issues, if any, as required by Rule 23(b)(3).

10

Next, for many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this Action. In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy. In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class members would possess the initiative to litigate individually. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts*, the Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court should certify the case as a class action under Rule 23(b)(3). *Phillips Petroleum Co.*, 472 U.S. 797, 809 (1985).

The TCPA provides that injured person may recover the greater of the actual damages caused by the violation, or $500 statutory damages. *See* 47 U.S.C. § 227(3). Further, the court may award treble damages—up to $1,500—for willful or wanton violations of the TPCA. *See id.* In this case, the Settlement Agreement provides that Settlement Class Members will receive $250 per fax received, which will be adjusted *pro rata* based on the number of valid claims received. Based on the number of valid claims submitted in this Settlement (*i.e.*, 323 valid claims representing 1,260 faxes), Settlement Class Members who submitted a valid claim will receive approximately $1,287 per fax—2 ½ times the statutory damages amount, and almost the maximum possible recovery for a willful violation, but without having to file their own individual case or establish a willful violation of the statute. Therefore, the Settlement Agreement is superior to individual actions.

Given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the

claims of the Class in this case, within the meaning of Rule 23(b)(3). To the extent that any Class Members wished to pursue any such individual claim, they were free to opt-out of the Settlement under Rule 23(b)(3). In the present case, **no Class Members elected to exclude themselves from the settlement**. Accordingly, this Court should give final certification to the Settlement Class, and confirm appointments of the Class Representative and Class Counsel made in its Revised Preliminary Approval Order. (*See* Revised Preliminary Approval Order, Dkt. #54).

### B. The Standard For Granting Final Approval to the Class Action Settlement.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine that Rule 23(e) has been satisfied because the settlement is fair, reasonable, and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). To determine that the settlement is fair, reasonable, and adequate, the Court must consider the following factors:

> 1. The strength of the plaintiff's case on the merits measured against the terms of the settlement;
>
> 2. The complexity, length, and expense of continued litigation;
>
> 3. The amount of opposition to the settlement among class members;
>
> 4. The views of experienced counsel; and
>
> 5. The stage of the proceedings and amount of discovery completed.

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citations omitted). In this case, the Settlement satisfies each of these factors.

### 1. The Strength of Plaintiff's Case.

The "most important factor relevant to the fairness of a class action settlement" is the "strength of the plaintiff's case on the merits balanced with the amount offered in the settlement." *Synfuel Techs, Inc.*, 463 F.3d at 653. Although an exact value cannot be determined

12

when valuing a particular action, courts should attempt to ascertain ballpark figures from which they can determine whether a settlement is within the range of reasonable outcomes. *Id.* Further, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (citations omitted).

While Plaintiff believes it would have prevailed at trial on the merits, there are certain risks associated with further litigation. Defendants raised credible defenses to Plaintiff's claims, including that Kerkbashian was not the employee of all the Defendants; the Inland Defendants maintained a policy that prohibited sending fax advertisements; and that Kerkbashian was not acting within the scope of his purported employment when he sent the faxes to Plaintiff and Settlement Class Members. Thus, even if Plaintiff prevailed on the issue of whether Defendants' conduct violated the TCPA, it is possible that the Inland Defendants would have been able to prove that they are not liable for the violations. Further, Kerkbashian claimed that Plaintiff and Class Members consented to receiving fax advertisements from Kerkbashian. That claim, if proven true, would defeat Plaintiff's claims.

Despite facing those defenses, the Settlement obtained substantial relief for Settlement Class Members. The TCPA provides that injured persons may recover statutory damages of $500 per violation. 47 U.S.C. § 227(b)(3)(B). The Settlement provides that each Class Member who submits a valid Claim Form will receive a cash payment of $250 per fax received from the Settlement Fund established by Defendants. Further, that amount will be adjusted up or down *pro rata* depending on the number of valid claims received. Based on the number of valid Claim Forms received, each Settlement Class Member will receive approximately **$1,287** for ***each*** Facsimile Advertisement they received. As such, the Settlement provides Settlement Class

13

Members with substantial relief without having to institute their own individual cases or face Defendants' defenses. The arguable strength of the Class's claims compares favorably to the terms of the Settlement, satisfying the first of the *Synfuel Techs* factors.

### 2. The Complexity, Length, and Expense of Continued Litigation.

In addition, final approval of the Settlement is warranted by the complexity, length and expense of continued litigation, thereby satisfying the second factor. Prosecuting this Action through class certification, summary judgment motions, trial, and appeals would be a lengthy, complex, and expensive process for all Parties. *See, e.g., In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 174 (S.D.N.Y. 2000) (stating that "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them").

As sated above, Defendants raised several defenses to Plaintiff's claims. If this matter had continued, Defendants would likely have brought summary judgment motions on those defenses. The Parties would also have had to brief Plaintiff's motion for class certification, retain and depose experts, as well as participate in trial and appeals. The Settlement, on the other hand, provides Settlement Class Members with substantial relief without the inherent risks or delays in continued litigation of the claims against Defendants through summary judgment, trial, and appeals. As such, this factor favors final approval of the Settlement.

### 3. The Lack of Opposition to the Settlement from Class Members.

The Settlement easily satisfies the third factor. Notice was sent to all 2,507 Settlement Class Members. **No Settlement Class Member opted-out or objected to the Settlement**. Further, approximately 12.5% of the Settlement Class Members submitted valid claims.

14

Plaintiff is not surprised that no Settlement Class Member objected or opted-out of the Settlement, as the Settlement provides Settlement Class Members substantial compensation. Because the payments are adjusted up *pro rata* based on the number of valid claims submitted, each Settlement Class Member who submitted a valid claim will receive approximately $1,287 for *each* Facsimile Advertisement that they received, which is likely more than they would be able to recover in an individual action. Thus, because of the high claims rate, and the fact that no Settlement Class Member objected or opted-out of the Settlement, this factor favors final approval of the Settlement. *See In re Mexico Money Transfer Litig.*, 164 F.Supp.2d 1002, 1021 (N.D. Ill. 2000).

### 4. The Opinion of Experienced Counsel.

The opinion of competent, experienced counsel is a factor that the Court should consider in determining whether the Settlement is fair, reasonable, and adequate. *See Synfuel Techs., Inc.*, 463 F.3d at 653. Class Counsel has extensive experience in consumer class actions and complex litigation. (*See* Zimmerman Decl., at ¶¶ 2-5). Class Counsel believes that the Settlement is an excellent outcome for Settlement Class Members. The Parties reached the Settlement after arms-length negotiations, including a formal mediation overseen by Judge Denlow. Further, the Settlement provides Settlement Class Members with significant compensation, which, based on the amount of valid claims submitted, is 2 ½ times the statutory damages amount. Therefore, this factor weighs in favor of final approval of the Settlement.

### 5. The Stage of Proceedings and the Amount of Discovery Completed.

Finally, the fifth factor supports final approval of the Settlement in light of the stage of pre-trial proceedings and the amount of discovery completed to date. This Action was initially filed on September 30, 2016. After removal of the action to federal court, each Defendant

answered the Complaint. The Parties then engaged in both informal and formal written discovery, as well as third-party discovery.

In discovery, Defendants produced thousands of pages of documents, including numerous spreadsheets that contained up to 35,000 lines of information. The Parties conducted Rule 37 conferences in an attempt to resolve discovery disputes. That being said, Class Counsel completed nearly all written discovery, including class discovery, and was prepared to move forward with oral discovery, in order to prepare for a renewed motion for class certification, as well as begin preparing a summary judgment motion.

Additionally, the Parties engaged in lengthy settlement discussions, including a formal mediation. Ultimately, with the assistance of Judge Denlow, the parties reached an amicable settlement. Class Counsel and Defendants' counsel worked together to draft and approve the Settlement Agreement, and moved for preliminary approval of the Settlement.

Given the stage of proceedings and the investigation and discovery completed, the proposed Settlement satisfies the fifth factor.

## V. THE REQUESTS FOR ATTORNEYS' FEES AND COSTS AND A CLASS REPRESENTATIVE AWARD ARE REASONABLE.

Pursuant to the Agreement, and subject to this Court's approval, Defendants will pay attorneys' fees and costs up to one-third (1/3) of the Settlement Amount, plus a Class Representative Service Award. Plaintiff separately filed requests for an award of attorneys' fees and costs, and a Class Representative award. (*See Petition for Fees and Costs*, Dkt. #56, and *Motion for the Payment of a Representative Plaintiff Service Award*, Dkt. #57). The requests are fair and reasonable in light of the results achieved for Settlement Class Members, and the length of time and difficulty in achieving those results.

16

Concurrently with the filing of this motion, Plaintiff is submitting a supplement to its *Petition for Fees and Costs*, to account for the final claims information.

## VI.    CONCLUSION.

For all the reasons set forth above, Plaintiff individually, and as representative of the Class of similarly situated persons, by Class Counsel, requests this Court grant final approval of the Settlement, and for any other relief the Court deems just under the circumstances (draft order attached hereto as <u>Exhibit 1</u>).

Plaintiff iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated,

By:   <u>s/Thomas A. Zimmerman, Jr.</u>
         Thomas A. Zimmerman, Jr.
         *tom@attorneyzim.com*
         Sharon A. Harris
         *sharon@attorneyzim.com*
         Matthew C. De Re
         *matt@attorneyzim.com*
         Nickolas J. Hagman
         *nick@attorneyzim.com*
         Maebetty Kirby
         *maebetty@attorneyzim.com*
         ZIMMERMAN LAW OFFICES, P.C.
         77 West Washington Street, Suite 1220
         Chicago, Illinois 60602
         (312) 440-0020 telephone
         (312) 440-4180 facsimile
         www.attorneyzim.com

*Counsel for Plaintiff and the Settlement Class*

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| iMOVE CHICAGO, INC., individually, and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) | No.  16-cv-10106 |
| v. | ) ) | Judge Andrea R. Wood |
| INLAND BANCORP, INC., INLAND HOME MORTGAGE COMPANY, LLC, INLAND BANK AND TRUST, and GIL KERKBASHIAN, | ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

The Court, having considered the parties' Joint Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Action") pursuant to the Settlement Agreement dated September 15, 2017, between Plaintiff and Defendants (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on January 18, 2018, finds that:

1.    Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.    Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the settlement of this Action.

3.    The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by Plaintiff and Class Counsel.

**EXHIBIT 1**

4.     The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5.     The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of Plaintiff's and Defendants' Released Claims.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6.     No Settlement Class Members objected to or excluded themselves from the Settlement.

7.     It is in the best interests of the Parties and the Settlement Class members, and consistent with principles of judicial economy, that any dispute between any Settlement Class member and any Defendant regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8.     The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The parties are directed to consummate the Settlement Agreement in accordance with its terms.  The parties, and Settlement Class members who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

9.     The following Settlement Class is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23:

> All persons and entities who received one or more of the five facsimile advertisements sent by Gil Kerkbashian on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016.

The Settlement Class does not include the 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine.  Also excluded from the Settlement Class are Defendants, their respective officers, directors and employees, any entity that has a controlling interest in Defendants, and all of their respective employees, affiliates, legal representatives, heirs, successors, or assignees, Class Counsel and their immediate family members, and the Court to whom this case is assigned and the Court's immediate family.

10.     The requirements of Rule 23 have been satisfied for settlement purposes.  The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; and the Plaintiff has fairly and adequately represented the interest of the Settlement Class.

11.     The preliminary appointment of iMove Chicago, Inc. as representative of the Settlement Class and the following as Settlement Class Counsel are hereby confirmed:

> Thomas A. Zimmerman, Jr.
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois  60602

3

The Settlement Class Representative has fairly and adequately represented the interests of the Settlement Class. Settlement Class Counsel is experienced in complex class litigation and has fairly and adequately represented the interests of the Settlement Class.

12.    The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement to members of the Settlement Class who have submitted valid Claim Forms.

13.    The Releasing Parties release and forever discharge the Released Parties from the Released Claims, as set forth below:

(A)    <u>Plaintiff's Released Claims</u>.    Plaintiff and Settlement Class Members hereby release and forever discharge any and all direct, individual, or class claims, rights or causes of action or liabilities whatsoever, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, common or any other law, rule, or regulation that were or could have been asserted against Defendants and their present and former affiliates, agents, officers, directors, employees, parents, subsidiaries, predecessors, successors and assigns, by Plaintiff or any other Settlement Class Members in the Action arising out of or relating to the conduct of the sending of the Facsimile Advertisements, including claims for violation of the Telephone Consumer Protection Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, for conversion, and all other claims alleged or which could have been alleged in the Complaint. Plaintiff's Released Claims do not, however, include any claims relating to the substance of the Facsimile Advertisements, and any other claims not arising out of or relating to the conduct of the sending of the Facsimile Advertisements at issue. The 1,301 persons and entities to whom Gil Kerkbashian attempted to send a total of 8,977 faxes on August 16, 2016, August 24, 2016, August 31, 2016, September 14, 2016, and October 5, 2016, but which were not successfully transmitted to and received by a fax machine, are not included in the Settlement Class and do not release any claims against Defendants.

(B)    <u>Defendants' Released Claims</u>.    Defendants and Defendants' Counsel hereby release and forever discharge all claims, rights or causes of action, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, or common law, rule or regulation, against Plaintiff, any of the Settlement Class Members, or Class Counsel, including their respective spouses, children, heirs, associates, co-owners, agents, administrators, executors, devisees,

4

predecessors, and representatives, that arise out of or are in any way related to the prosecution of the Action.

14.     The Released Claims include claims that are currently unknown to the respective Releasing Parties.  The release in this Order and in the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release.  Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims.  The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

15.     Plaintiff, members of the Settlement Class, and Defendants are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any of their respective Released Claims.  Any person or

5

entity that knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by the other party as a result of such violation.

16.     The Court hereby awards Settlement Class Counsel $811,546.67 for attorney's fees, plus $825.25 in unreimbursed costs and expenses. The Court hereby approves payment of a service award of $5,000.00 to Plaintiff iMove Chicago, Inc. The Court finds this award of attorney's fees and costs, and the service award are fair and reasonable.

17.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, the "Settlement Matters"). The Court also retains exclusive jurisdiction as to the Settlement Matters over Plaintiff, members of the Settlement Class and Defendants, each of whom are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

18.     The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption,

concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendants. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

19.     In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

20.     The Action is hereby **DISMISSED WITH PREJUDICE** and without costs. This judgment has been entered without any admission by Defendants as to the merits of any of Plaintiff's allegations in the Action.

21.     The Court directs the Clerk to enter final judgment.

**SO ORDERED.**

Dated: _____                          _____

                                                        Hon. Andrea R. Wood
                                                        United States District Court Judge

**<u>CERTIFICATE OF SERVICE</u>**

I, Thomas A. Zimmerman, Jr., hereby certify that on January 8, 2018, I electronically filed the foregoing *Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement* with the Clerk of the Court, using the CM/ECF system, which will send notifications of such filing to counsel of record in this case

<u>/s/Thomas A. Zimmerman, Jr.</u>

18